Miller, J.
l. foreign pro tempore judge: evidenoe. I. The errors complained of arise upon the admission and exclusion of evidence, and giving and refusing instructions. The transcripts attached to the petition snow that the indgments were not w o rendered by the regularly commissioned judge of the circuit court, but by a practicing attorney of the court, under an appointment from the judge, as follows:
“South Bend, Ma/rch 20, 1857.

“To Thomas 8. Stamfield:

“I, Arthur G. Deavitt, judge of the Laporte circuit court, being sick and unable to hold said court at its present ses *314 sion, hereby appoint Thomas S. Stanfield judge therein, to hold the same until I may be able to preside therein.
“ Given under my hand at South Bend this 20th day of March, 1857.
“ A. G. Deavitt,
“ Judge of scdd oov/rtP
The petition alleges that this appointment was made pursuant to a statute of the State of Indiana, which is set out in the pleading as follows:
“If, from any cause, any judge of the circuit courts shall be unable to attend at any term thereof, such judge, or in his absence, or when he shall be unable to make such appointment, the clerk, auditor and sheriff of such county may appoint, in writing, any other judge of a court of record, or any attorney thereof, to preside at such term; such written appointment being entered of record on the order book of such court, and such appointee shall conduct the business of such court under the same regulations as provided by law, and. have the same authority as the judge elect.”
The transcripts show that the appointment was entered of record, and that the appointee was sworn as judge of the court.
One of appellant’s objections to the admission of the transcripts of the judgments in evidence was, that there was “no proof of a sufficient appointment of Thomas S. Stanfield as judge pro tempore. This objection being overruled, he excepted, and assigns this ruling as error.
The bill of exceptions shows that “the plaintiff introduced the statutes of Indiana and read in evidence therefrom the provision above quoted.” It is true that the defendant objected to this evidence on the grounds of irrelevancy' and immateriality. The objection on these grounds was very properly overruled, for it was a material part of the plaintiff’s case that he should prove that, under *315 the statutes of Indiana, the person presiding as judge of the circuit court was authorized and empowered to do so, the record showing that he was not the regular judge of such court. These being the only grounds of the objection, that there was no sufficient proof of the appointment of the pro tempore judge, there was no error in overruling the objection.
a. — - evidence ment. II. The appellant assigns as error the overruling of his objections to the transcripts, on the ground that-there was no proof of the assignment of the judgments to the plaintiff.
The assignment of each judgment is of record duly authenticated by the clerk of the circuit court in which the judgments purport to have been rendered, with his seal attached, and no objection was made to the authentication of either judgment.
Whether an assignment of record of a judgment, duly authenticated, is entitled to the same degree of conclusiveness as the judgment, we are not called upon to decide, but we are of opinion that it was at least prima facie sufficient in this case.

8_signature ments*Sdeniai of genumess.

III. The defendant in his answer denies that the signatures to the assignments are genuine, and the answer *s yerifie<l. These denials, it is claimed, put plaintiff upon proof of the signatures to the assignments. Section 2967 of the Revision of 1860 was repealed by chapter 28 of the laws of the Ninth General Assembly, and the following substituted: viz.: “When any action, defense, set-off, counterclaim or cross-demand is founded on a written instrument, which is referred to in any pleading, and the original, or a copy thereof, is annexed thereto (or copied therein), the signal-toe thereto, or to any indorsement thereon, shall be deemed genuine and admitted, unless the party whose signatm/re it purports to be shall deny the same under oath, in his pleading, or in a writing to be filed at the same time with, *316 or before, Ms pleading, if there be one, and if not, then in the time allowed for a pleading, and when any other writing, purporting to have been signed by one of the parties is referred to in a pleading, and the original, or a copy thereof, is filed, the signature thereto shall be taken to be genuine, and the instrument may be read in evidence against such party, unless he demes the same in writing under oath before the trial is commenced.”
Under these provisions of the statute where the party, whose signature purports to he to the writing sued on, or pleaded, denies the same under oath, in the time and manner prescribed, the signat/wre must be proved by competent evidence. In this case the action is upon two judgments evidenced by authenticated copies — the assignments and . signatures are also copies — the originals being among the records of the court rendering the judgments, and the denial is not by a party whose signature purports to be affixed to the writings. We are therefore of opinion that under the issue it was not necessary for the plaintiff to prove the genuineness of the signatures to the assignments by the same Mnd of evidence as would be required in a case where the signature to a promissory note or to ail indorsement thereon is denied under oath by maker or indorser. The assignments being matters of record and properly authenticated as parts thereof, they were admissible in the first instance without further proof of the signature of the assignor.
5. —verity of judgment: jurisdiction, IV. The defendant offered to introduce in evidence a complete record of the judgment rendered in favor of Edward H. Bunker to show a mistake in .. _ amount oi the judgment. Jb>y the copy offered by the defendant it appeared that the complaint showed only $279.62 due, and asked judgment for that amount, while judgment was actually rendered for $523.75. To this evidence the plaintiff objected, the court sustained
*317 the objection, and the defendant excepted. This ruling is assigned as error.
The question presented in this assignment is, whether the amount for which a judgment is rendered, as shown by the duly authenticated transcript, can be contradicted or controlled by the declaration, complaint or petition, showing a different amount to be due the plaintiff. A judgment rendered for more than is claimed by the plaintiff is erroneous, and will be corrected or reversed, on writ of error or appeal. But an error in a judgment, whether in law or fact, which does not go to the jurisdiction of the court, can only be taken advantage of by writ of error or appeal. It was so held by this court in Milne v. Van Buskirk, 9 Iowa, 558.
That was an action on a foreign judgment, and the defendant answered that “ the judgment was void, because rendered while he was a minor, upon a contract not for necessaries; that he did not appear and defend the suit by guardian, but by attorney, whom he had no power to appoint; that upon coming of age he disavowed the judgment, the contract, and the appointment of said attorney.”
This answer was held bad on demurrer, and "Wright, C. J., says, that the “ defendant’s remedy was by writ of error coram nobis, or other similar process in the court where the judgment was rendered. If there was an error in fact in permitting defendant to appear by attorney, when a minor, it was an irregularity, and, as such, no more affected, the validity of the judgment than if it had been an error in law. In either case an error, whether of law or. fact, does not render a judgment void; but a party may have his remedy in the State where the judgment was rendered, either in the same or in an appellate tribunal. The defense cannot prevail here. The error does not go to the jurisdiction of the court rendering the judgment.”
So in this case the rendition of the judgment for more *318 than was claimed was an error but not such as affected the jurisdiction of the court rendering the same.
To the same effect see the following cases: Mills v. Duryee, 7 Cranch, 481-487; Austin v. Charleston Female Seminary, 8 Met. 196; Hampton v. McConnell, 3 Wheat. 204; Bissell v. Briggs, 9 Mass. 462; Wernway v. Pauling, 5 Grill. & Johns. 500; Seed v. Ross, 1 Bald. 36; Greene v. Sarmiento, 1 Pet. C. C. 74; Spencer v. Brochway, 1 Ohio, 259; Goodrich v. Jenkins, 6 id. 43; Evans v. Justine, id. 117; Evans v. Tatem, 9 S. & R. 252; Benton v. Burgot, 10 id. 240; Hoxie v. Wright, 2 Vt. 269; Davis v. Conélly's Ex'rs, 4 B. Monr. 136.
The exclusion of the certified transcript offered by the defendant to impeach the judgment sued on was therefore not erroneous.
Y. Appellant assigns as error the overruling of his objection to the admission of one of the authenticated 0. — stamps, transcripts on the ground that no revenue stamps were affixed to the certificates of the judge and clerk, authenticating them as judicial records.
We are of opinion that no stamps were required to be affixed to such certificates. It has been held that the certificate of an officer to a Reposition taken before him does not require a stamp. No tax being imposed upon depositions, and the certificate of the officer before whom they are taken being an essential act to their validity, in that sense forms a part of them. Prather v. Pritchard, 26 Ind. 65; Cordell v. Bridge, 9 All. 355, So, also, it has been held that the certificate of a justice of the peace to a copy of his record need not be stamped. Toledo, Logansport & Burlington R. R. Co. v. Nordyke, 27 Ind. 95; Commonwealth v. Hardiman, 9 All. 487. The appellant cites no case holding a contrary view, nor have we been able to find any. If, then, the certificate of a justice of the peace, to a copy of his record, requires no stamp, surely *319 tbe certificates of tbe judge aud clerk of a court of record authenticating copies of records therein, require none.
In support of this view, see Simons v. Cook, 29 Iowa, 321.
YI. Tbe appellant urges in argument that tbe assignments of tbe judgments should have been stamped, and that there was error in admitting tbe transcripts for this reason. Tbe bill of exceptions fails to show that this objection was made below, or that any exception was taken on this ground. Tbe objection cannot therefore be urged or regarded on appeal.
Tbe ruling of the court • in giving and refusing instructions was in accord with tbe views herein expressed, and tbe verdict of the jury is fully sustained by tbe evidence.
Affirmed.