## W. H. GARLAND VS. MARY GARLAND.

HUSBAND AND WIFE: *Abandonment by husband. Her right to act as a* feme sole. *Sec.* 1791, *Rev. Code.*

A decree of the chancery court, in favor of a married woman, under sec. 1791 of the revised code, enabling her to act as a *feme sole* in the control and disposition of her separate estate, when abandoned by her husband, operates merely to confer a legal capacity upon the wife. It in no way concludes or adjudicates the marital property rights of the husband, and a defense to the proceedings upon that theory by him is inadmissible. He may still prosecute the appropriate remedy for any wrong in this regard incident to the exercise of this capacity conferred upon the wife.

APPEAL from the Chancery Court of *Pike* County.

Hon. E. G. PEYTON, Jr., Chancellor.

Mary Garland filed her bill against her husband, W. H. Garland, and charges that she is the owner in her own right of certain real estate and personal property; that she is a housekeeper; describes the estate, real and personal, which yields no revenue; that she has no means to be used in the support of herself and daughters; that a sale of a portion of her property is absolutely

necessary; that at this time, and sometime previous, the said defendant has entirely failed to furnish anything for their support, and has abandoned her, which abandonment she charges is permanent. Prays for a decree to enable her to act in all things as an unmarried woman, in the control, management and disposition of her separate property, and the institution and defense of suits at law or in equity, and for other general relief, etc. A demurrer was filed setting out the following grounds, to wit:

1. Said bill has no equity on its face.

2. Said petition asks the court to confer a power of sale of real estate of a married woman in a mode not permitted by law.

3. The bill shows the defendant is tenant by the courtesy in the land sought to be sold by complainant above, without asking to join her husband in disposing or conveying the same, and asks relief not authorized by law.

This demurrer was overruled and an appeal granted, and the case comes to this court.

*Cassody & Stockdale*, for appellant:

This bill is filed under the code of 1871, § 1791, and the question is of first impression. The purpose of the demurrer is to deny the power of the legislature to pass such an act under our constitution. The estate of the husband at common law as tenant by the courtesy, is a well defined legal estate. Day *v.* Cochran, 24 Miss., 274. The rights of the husband are not to be restricted or abrogated, except by positive statute or by necessary implication. Lyon *v.* Knot, 26 Miss., 560. The wife's vendee, after her death, must give way to the vested rights of the husband to the possession of her lands. Hurd *v.* Cass, 9 Barb., 366; Smith *v.* Colvin, 17 id., 157. See our Statutes of 1846, 1857 and 1871; Hutch. Code, 498, § 6; Code 1857, p. 337, art. 28; Code 1871, § 1787. It is a vested estate upon the birth of issue, etc. 4 Kent. Com., 202. No person can transfer another's property without their consent. Westervelt *v.* Gregg, 12 N. Y., 202, 212. This vested right is not subject to legislative interference. Cooley's Con. Lim., 360. The code of 1871 seeks to divest his vested

rights, by giving authority to the chancery court to empower some other person to dispose of his rights.

*Harris & George,* for appellee :

The bill was filed under code of 1871, § 1791. The question raised by the demurrer will be readily solved, by ascertaining the object and precise scope of the provisions of the code, *supra*. It should be noted that the effect of abandonment of the wife by the husband on her powers of disposition of property, and otherwise on her power to act as a *feme sole*, was, at the time of the adoption of the code, and now is, a matter of controversy. Scoul. on Dom. Rel., 295, citing Bishop. The code was designed to enable the wife to obtain a judicial sentence, establishing the abandonment and declaring its effect upon her legal status. It is an enabling act, giving capacity only, and not giving any additional rights of property, nor in any way abridging the property rights of the husband. There is no authority in the court to decree the sale of specific property, nor to invest a sale by the wife with the force of a judicial sale. The property rights may be protected in the proper forum by the injured party. No question of property can be decided in this proceeding. The property rights are *no more* involved than they would be in a bill for divorce from bed and board, or for divorce *avinculo* for abandonment. The bill, of necessity, states that she is the owner of separate property, but the court makes no decree for its sale.

TARBELL, J, delivered the opinion of the court.

This is a proceeding by a *feme covert* under § 1791 of the code, which statute reads as follows : "If the husband shall abandon his wife, and cease to live with her, she may petition the chancery court of the county in which she resides, and by proving it, obtain an order to enable her to act in all things as an unmarried woman, in the control, management and disposition of her separate property, and in the institution and defense of suits at law or in equity. The petition shall be sworn to, and the husband personally served with summons to answer it, or publication must be

made for two weeks in some newspaper in the county in which the petition is filed; or, if there is no such paper, and affidavit is made by the petitioner that her husband's whereabouts is not known to her, or that he is out of the state, notice posted one month on the court house door shall be sufficient."

The petition in the case at bar is by a married woman against her husband. It is charged that she has a separate property, and that her husband has abandoned her. It is further charged that the control of her separate estate is necessary to enable her to provide for the support of herself and family. The prayer is, in the language of the code, for a decree to enable the petitioner to act in all things as an unmarried woman, in the control, management and disposition of her separate property, and in the institution and defense of suits at law or in equity, or for such other relief as the petitioner may be entitled to.

Process was personally served on the husband, who appeared and demurred to the bill or petition. The causes of demurrer are these: 1. The bill has no equity on its face. 2. The petition asks the court to confer a power of sale of real estate of a married woman in a mode not permitted by law. 3. The bill shows that the defendant is tenant by the courtesy in the land sought to be sold by complainant alone, without asking to join her husband in disposing of or conveying the same, and asks relief not authorized by law.

From the decree overruling the demurrer, the respondent in the action prosecutes this appeal. It is observed that the argument in support of the demurrer proceeds upon the idea that property rights are involved in and to be decided by this proceeding. Such a theory is believed to be erroneous. A decree in favor of the wife simply establishes her abandonment by the husband, and, in the language of the Code, enables her " to act in all things as an unmarried woman, in the control, management and disposition of her separate property, and in the institution and defense of suits at law or equity." The wife is thus rendered *sui juris*, and the statute quoted is, therefore, an enabling act. The terms of the

statute indicate the issue to be tried and the decree to be rendered. It is supposed that a decree for the wife gives her no additional rights of property, nor does it abridge any of the property rights of the husband. These rights, so far as affected by the decree, remain open and unadjudicated. Beyond the letter of the statute, the chancery court makes no decree with reference to the sale of the property of the wife, and a sale or disposition by her of her estate has none of the attributes of a judicial sale. If she disposes of her estate, and the husband complains, his rights can there be settled. In other words, a decree in favor of the wife, under this statute, simply establishes judicially her abandonment by the husband, and fixes her legal status. This result is obtained in a single proceeding upon an issue for that purpose. And this is the evident and simple object of the statute — which is not understood to be extraordinary, peculiar, or of questionable propriety. It is very justly a part of the modern legislation for the protection of married women. At common law, the wife, when abandoned by the husband, retained, or carried with her, his credit, which she could use for her support; but the abandonment, and her right to act as *feme sole*, were involved in every action against the husband, whether by herself or those advancing her supplies. These questions were settled only in each particular case. Hence, the mischief remedied by the code. That the reports are full of these cases is familiarly known to the profession. A few of the numerous adjudications with reference to the right of the wife at common law, when abandoned by the husband, to act as a *feme sole*, are cited, merely to vindicate the propriety and justice of the statute authorizing the proceeding at bar, and to show that the enactment rests on a solid foundation. That the cases are conflicting, and that the rights of the wife in case of abandonment are involved in difficulties, are cumulative reasons in support of this statute. Without regard to the rule in England, where it has not been uniform, it would seem that in most of the states of the Union, abandonment by the husband must be followed by his residence in another state or country, to authorize the wife to act

as a *feme sole*.   Hence, another argument in behalf of the pro-vision of law by which the proceeding at bar 'is instituted.   The adjudications upon the right of a wife to act as *feme sole*, when abandoned by her husband, affirm the very great propriety and justice of the statute referred to.   As already observed, property rights are not now involved.   These can be contested in another issue.   1 Bish. M. & D., § 550 *et seq.;* id., §§ 557, 568, 572, 610 *et seq.;* Schouler's Dom. Rel., pp. 63, 295, and cases cited in note 1 ; 2 Bright's H. & W., p. 5, *et seq.;* id., p. 69 *et seq.;* 30 Iowa, 310.

Decree affirmed, and cause remanded, with leave to answer in forty days.