CROSBY O. HOWE *vs.* WILLIAM KLEIN.

SAME *vs.* SAME.

Penobscot.    Opinion December 15, 1896.

*Bills and Notes.    Set-off.    Attorney's Lien.*

An agreement, without consideration, made by the payee and holder of certain promissory notes, payable at definite times, that the time of the payment of each might be extended one year, is of no binding force and does not affect the maturity of the notes referred to.

Upon the same day that the notes in suit were made and delivered by the defendant to the plaintiff, the latter signed and gave the defendant this memorandum : "This is to certify that I consent to receive payment on any of William Klein's notes which I now hold at any time when he wishes to make a payment.  Also that the time of payment of the first five notes may be extended one year each."

*Held ;* That the language quoted shows that the agreement was made after the signing and delivery of the notes, and that as the case shows no consideration therefor, it does not affect the maturity of the notes referred to.

When judgments, which should be set off against each other, are recovered in different counties, the law court may order such set off; but not so as to affect the attorney's lien upon the taxable costs in each case.

ON EXCEPTIONS BY DEFENDANT.

The facts appear in the opinion.

*S. S. Brown,* for plaintiff.

*Peregrine White,* for defendant.

In Parsons on Bills and Notes, Vol. 2, page 539, that author says:—"A contemporaneous memorandum on the note, or as we have just seen, *even on a separate paper,* if made by agreement of all the parties before signing, will bind all parties, and all who have, or are legally presumed to have, notice thereof, and may be pleaded either by plaintiff or defendant." *Bonney* v. *Morrill,* 57 Maine, 373.

The case of *Heywood* v. *Perrin,* 10 Pick. 228, would seem to be decisive of the present case.  In that case, after the note was signed and witnessed, the memorandum was written at the bottom.

The note was on demand.    The memorandum was in these words: "One-half to be paid in 12 months, the balance in 24 months."

Whether the notes and memorandum were made and signed under such circumstances as to make them one transaction and parts of one contract, was a mixed question of law and fact; fact for the jury and law for the court.    That is to say, what the circumstances were under which the memorandum was given, whether before or after the notes were signed and delivered, were questions of fact for the jury; and the court erred in attempting to decide them as it did by the ruling complained of.    *Thruston* v. *Thornton,* 1 Cush. 89; *Drury* v. *Vannevar,* Id. 276; *Swazey* v. *Allen,* 115 Mass. 594; *Tompson* v. *Fisher,* 123 Mass. 559; *Perkins* v. *Hinsdale,* 97 Mass. 157; *Lasky* v. *C. P. R. R. Co.,* 83 Maine, 470; *Rogers* v. *Rogers,* 139 Mass. 440, and cases cited: *Neal* v. *Flint,* 88 Maine, 83; *Farwell* v. *Tillson,* 76 Maine, 239.

SITTING:    FOSTER,    HASKELL,    WHITEHOUSE,    WISWELL, STROUT, JJ.

WISWELL, J.    These two cases were presented together.    One is a suit upon two promissory notes, both dated April 15th, 1893, payable respectively in one and two years from their date. The writ is dated April 30th, 1895.    The defendant claimed at the trial that, as to the second note, the action was prematurely brought because of the following memorandum written upon a separate piece of paper, and signed by the payee of the notes.

"DIXMONT, MAINE, April 15, 1893.

This is to certify that I consent to receive payments on any of William Klein's notes which I now hold, at any time when he wishes to make a payment.    Also that the time of payment of the first five notes may be extended one year each.    C. O. HOWE."

It was admitted that the first five notes referred to in the memorandum include the two notes sued.    The bill of exceptions contains this statement :    "It also appeared in evidence that this memorandum was prepared by the plaintiff's wife and signed the same day with the notes."

The presiding justice ruled that this memorandum did not affect the maturity of the notes referred to, and consequently did not prevent a recovery upon the second note.

We have no question as to the correctness of this ruling. The memorandum, although made upon the same day as the notes, as shown by the dates of each and by the statement in the bill of exceptions, must have been made after the signing and delivery of the notes, because it refers to notes "which I now hold," and, so far as the case shows, there was no consideration whatever for this subsequent agreement made by the payee.

It is unnecessary to inquire as to what its effect would have been if the agreement had been made by the payee prior to the signing or delivery of the notes.

The other exception, which relates to both cases, and is the only one in the other suit, is not urged and need not be discussed. The exceptions, therefore, in both cases must be overruled.

The defendant in this action has recovered a verdict against this plaintiff in a suit growing out of the same transaction. The case came to the law court upon a motion for a new trial, which has been overruled, and judgment will be ordered upon the verdict,— the announcement of the decision being made simultaneously with this. The counsel for the plaintiff in these cases has moved that the judgments, when recovered, both amounting to a less sum than the judgment that will be recovered by this defendant, be set off against the judgment in favor of this defendant, pro tanto. This should be done, but not so as to affect the attorney's lien upon the taxable costs in each case.

As the cases are pending in different counties, the set-off of the judgments is ordered by the law court. The entry, therefore, in each of these cases, will be,

*Exceptions overruled.    Judgment upon the verdict.*

*The judgment to be set off pro tanto against a judgment recovered by this defendant against this plaintiff in Penobscot County, and ordered by the law court simultaneously herewith, except as to the taxable costs upon which the plaintiff's attorney has a lien.*