MARSHALL FIELD COMPANY v. OREN RUFFCORN COMPANY, Appellant.

Corporations: RECOVERY ON NOTE: *Debt limit in by-laws*. In a suit on a note of a corporation given for an indebtedness for goods previously purchased and received, a contention that, the corporate indebtedness at the time the note was given having exceeded that permitted by its articles of association, recovery could not be had on the note, but that it must be on the original consideration, was of no merit.

| 117 | 157 |
| 124 | 119 |
| 117 | 157 |
| 127 | 8 |
| 117 | 157 |
| 129 | 553 |
| 117 | 157 |
| 136 | 284 |
| 117 | 157 |
| 138 | 164 |
| 117 | 157 |
| d139 | 351 |
| 141 | 356 |

*Recovery on note and original debt.* Conceding that a provision in the note for compound interest and attorney's fees was not enforceable, such fact would not affect the recovery of the debt.

Contract of Extension: *Consideration.* An agreement between a merchant and his creditor, whereby the merchant is to have an extension of time in which to pay notes, and he is to "make sacrifices" to pay the notes, there being no agreement to pay anything before maturity, or interest for any specified time beyond maturity, is without consideration.

Denial of Signature: PLEADING: *Corporations.* Code, section 3640, declares that when any written instrument is referred to in a pleading, and the instrument or a copy thereof, is incorporated in the pleading, the signature is to be deemed genuine and admitted, unless the person whose signature the same purports to be shall, in a pleading or writing, deny under oath its genuineness. *Held,* that in a suit against a corporation on a note purporting to be that of the corporation by its president, and incorporated into the complaint, an allegation of a verified answer to the effect that the signer had no authority, was a good denial of the signature under the statute, the denial being as specific as the circumstances would permit.

VERIFICATION OF PLEADING: *Corporations.* Code, section 3640, declares that when any written instrument is referred to in pleading, and the instrument, or a copy thereof, is incorporated in the pleading, the signature is to be deemed genuine and admitted, unless the person whose signature the same purports to be shall, in a pleading or writing, deny under oath its genuineness. Section 3581 authorizes a corporation, when a party, to verify a pleading by an agent or officer, and by section 3609 the answers of a corporation to an interrogatory in a pleading may be made by an officer or agent. *Held,* that where a corporation is sued on a note purporting to be that of the corporation, by its president, and which is incorporated in the complaint, a verification by the corporation's secretary of an answer denying the genuineness of the signature is sufficient.

*Same.* In such a case it is probable that the officer should show knowledge of the facts in order to enable him to deny the signature.

*Review on appeal.* Where, in a suit against a corporation on a note purporting to be that of the corporation, and incorporated in the complaint, the signature is denied under Code, section 3640, providing for a denial under oath, the verification being

by defendant's secretary, and on appeal the abstract states that the answer denying the signature was duly verified, it will be assumed that the answer showed that the officer making it had knowledge of the facts.

Admissibility of denied writing: *Foundation*. Where, in a suit against a corporation on a note purporting to be that of the corporation, by its president, and incorporated in the complaint, defendant denies, under Code, section 3640, that the president had authority to sign, the note is not admissible in evidence until the authority is shown; and while it was not vital that proof of authority should precede the admission of the notes, their admission was prejudicial where authority was never shown.

*Same*. In an action against a corporation on a note purporting to be that of the corporation, signed by its president, and incorporated in the complaint, the defendant denied, under Code, section 3640, that the president had authority to sign. The note was admitted in evidence, no authority having been shown, and plaintiff, on offering certain evidence, stated it was to show authority, whereupon counsel for defendant answered that it would introduce no evidence; that counsel had made their objections, which had been overruled, and the proposed testimony would not be material. *Held*, that the statement of counsel contained no admission as to the president's authority.

Appeal: stricken pleadings: *Evidence*. When a demurrer to a part of the answer is sustained, and defendant stands on the ruling, and neither such pleading nor an affidavit for change of venue is introduced in evidence, declarations in the demurrer and affidavit cannot be considered, they not being a part of the pleadings on which the case is tried.

*Appeal from Union District Court.*—Hon. W. H. Tedford, Judge.

Wednesday, May 21, 1902.

The defendant appeals from judgment for the amount due on three promissory notes.—*Reversed*.

*Harvey & Parish* for appellant.

*D. W. Higbee* for appellee.

LADD, C. J.—In this action recovery is sought on three promissory notes signed "Oren Ruffcorn Co., per Oren Ruffcorn, President." In the first division of the answer the defendant denied their execution, and, while conceding them to have been signed by Oren Ruffcorn, alleged that he had no authority to do so. Appellee insists the genuineness of the signature was not put in issue. By section 3640 of the Code the signature is to be "deemed genuine and admitted, unless the person whose signature the same purports to be shall, in a pleading or writing filed within the time allowed for pleading, deny under oath the genuineness of such signature." The denial is as specific as the circumstances of the case will permit of. It is apparent that, unless Ruffcorn acted with authority, the signature was not that of the corporation, and hence not genuine. The sworn denial is exacted from the party whose signature is alleged to be spurious. *Walker v. Sleight*, 30 Iowa, 310; *Robinson v. Lair*, 31 Iowa, 9. Of course, a corporation cannot of itself take an oath. It necessarily and always acts through its officers and agents. Section 3581 of the Code expressly authorizes a corporation, when a party, to verify by agent or officer; and we think that a proper verification of the answer by the secretary of the company put in issue the genuineness of the signature attached to the notes. See, also, section 3609, Code; *Blair v. Railway Co.*, 109 Iowa, 369. In such a case it is probable the officer should show knowledge of the facts in order to enable him to deny the signature. As the answer is said in the abstract to have been duly verified by the secretary, without setting out the verification, it will be assumed to have been sufficient in this respect. The burden of proving the due execution of the notes was on the plaintiff.

II. He first offered in evidence the three notes, to which the defendant objected on the ground, among others, that their genuineness had been denied. This

objection should have been sustained. Before they were admissible, the authority of Ruffcorn to attach defendant's name should have shown. *Miller v. House*, 67 Iowa, 737; *Hay v. Frazier*, 49 Iowa, 454. But this pertains more especially to the order of the proof, and, if such authority had been subsequently established, the error might be deemed to have been without prejudice. Oren Ruffcorn was not proven to be an officer or agent of the company. The credit man of plaintiff was called as a witness, and, after some preliminary questions, was asked concerning the course of dealings between the plaintiff and defendant. This was objected to as immaterial. In response to an inquiry from the court, counsel for plaintiff stated that the purpose of the evidence sought to be elicited was to show authority. Thereupon defendant's attorney announced that no evidence would be introduced on its part, saying: "The notes have been introduced. We have our objections, and the court has overruled our objections, and this would be entirely immaterial." The objection was then sustained. We fail to discover any admission affecting the issue in the statement quoted. It is rather an assertion that the objections already made would be relied on, with the suggestion that, if the notes were receivable in evidence, nothing further was necessary. But the appellee urges that the execution of the notes was admitted in an affidavit for change of venue, the second and third divisions of the answer, and in the counterclaim. None of these were offered in evidence. It is well settled that, unless the papers in a case form part of the pleadings on which it is tried, the admissions or declarations contained in them cannot be considered, unless formerly introduced in evidence. *Shipley v. Reasoner*, 87 Iowa, 555; *Leach v. Hill*, 97 Iowa, 81; *Burns v. Railway Co.*, 110 Iowa, 385. Anything said to the contrary in *Mulligan v. Railway Co.*, 36 Iowa, 181,

must be regarded as overruled by these decisions. As a demurrer to the divisions of the answer mentioned and to the counterclaim had been sustained, and defendant had elected to stand on the ruling, these formed no part of the pleadings on which the trial proceeded. They were not offered as proof, and as there was no evidence of the genuineness of the signature, judgment should have been entered for the defendant.

III. The defendant pleaded that its indebtedness at the time the notes were executed exceeded that permitted by its articles of incorporation. But it appeared in the same division of the answer that this was incurred for goods which defendant had received. Hence it was estopped, as is conceded, from entering the plea of *ultra vires*. But it is argued that recovery must be had on the original consideration, rather than the new contract or obligation executed for its payment. That such is the rule in some jurisdictions is not questioned. Green, Brice, *Ultra Vires*, 718. But the decisions of this court are to the effect that recovery may be had on the evidence of debt executed by the corporation. *Garrett v. Plow Co.*, 70 Iowa, 697; *Beach v. Wakefield*, 107 Iowa, 567, 583. It is the debt, and not the notes evidencing it, which the articles of incorporation prohibited. The corporation was bound to pay the debt, and nothing contained in the article limited its right to express this obligation in any form it might choose. Whether the condition in the notes allowing compound interest and attorney's fees may be enforced in such a case is not raised by the record, as the abstract fails to show either was included in the judgment. Should this be conceded, however, it would not affect the recovery of the debt as evidenced by the written instruments which the corporation had the right to execute.

IV. The three notes, with others, were executed January 26, 1900, and matured May 26th, June 26th, and

July 26th of the same year.   The defendant pleaded, in substance, that about April 26, 1900, the plaintiff and other creditors at a meeting appointed a committee with full power to act with respect to extending the time within which defendant should meet obligations; that defendant proposed to "said committee that, if it was granted an extention of time in the payment of said notes beyond the time stated in said notes, that he would be able to pay five per cent. a week of the amount of the first note coming due, to-wit, on the twenty-sixth day of April, 1900; that the defendant would make sacrifice in order to meet said payments; that said committee orally stated to said defendant that if it would do this, and pay five per cent. a week, that said notes would be extended beyond the time of the fall trade, on and after October 1, 1900"; that within three days defendant did sacrifice on a sale of goods from $3,000 to $5,000, and this in order to make the first payment as proposed, and in pursuance of said arrangement it has paid to plaintiff and other creditors the per centum proposed up to October 1, 1900.   It will be observed that the alleged agreement did not contemplate the payment of anything before maturity, and involved no obligation on the part of the defendant to pay interest on the notes for any specified time beyond their maturity.   It retained the privilege of paying at any time after due.   The agreement to extend, then, was without consideration.   *Hensler v. Watts*, 113 Iowa, 741.   But it is argued that the agreement was based in part on defendant's proposition that it would make sacrifice to meet the payments proposed.   In what way was it to sacrifice?   Abandon some other enterprise it would otherwise have undertaken, or disposed of property from which a profit might have been derived if retained, or dispose of goods at a smaller margin of profit than in the ordinary course of business, or for their value, although less than cost?   Did the sacrifice proposed involve a present

disadvantage or burden to defendant, or merely future prospects or probabilities? These interrogatories demonstrate that the mere proposal to make a sacrifice without intimation of its character will not suffice as a consideration. The law exacts that the debtor put forth some effort to meet his just obligations, and, for all that appears, the parties may have contemplated no more than he was bound to do. The sufficiency of the second and third division answer was raised by motion to strike. No question is made but this might properly be treated as a demurrer.

For the error pointed out, the judgment is REVERSED.