R. T. MITCHELL, *Appellant*, v. J. T. HARPER AND J. A. HOLLY, CO-PARTNERS DOING BUSINESS AS SEMINOLE AUTO COMPANY, *Appellees*.

Opinion Filed July 29, 1920.

1. A valid agreement extending the time for the payment of an obligation has the effect of suspending the right to enforce payment during the period of such extension.

2. In order to be effectual an agreement extending the time for the payment of an obligation must be supported by a sufficient consideration. A mere agreement for delay for no definite time and without consideration is not binding.

An Appeal from the Circuit Court for Dade County; H. Pierre Branning, Judge.

Decree affirmed.

*Thompson & Hampton*, for Appellant;

*McCaskill & McCaskill*, for Appellees.

WEST, J.—In a suit to foreclose a mortgage upon personal property there was a final decree for complainants and defendant appeals.

The principal defense was that an extension of time had been given for the payment of the indebtedness which the mortgage was given to secure and that the foreclosure suit was therefore prematurely brought.

The paragraph of the answer in which this defense is attempted to be set up is as follows: "That on or about the 25th day of January, 1918, he came to the office of

complainant's, in the City of Miami, Florida, at their request, to arrange about the notes, and the mortgage, the notes which are set-up in the bill of complaint as a basis of the cause of action, and that thereupon the complainants, T. J. Harper and J. A. Holly, did promise, and agree with this defendant that they would extend the time of payment of said mortgage indebtedness until after he could plant and harvest his tomato crop for the spring, 1918. Yet this defendant charges that disregarding their promise and agreement in this regard, and without further notice to him, or demand for payment, they instituted this foreclosure suit on, to-wit: the —— day of February, 1918, and while the defendant was planting his tomatoes out."

The proof of the alleged extension of time for payment of the notes contains no more than the answer. It amounts to nothing except to show that no enforcible agreement for extension of time was made.

A valid agreement of extension has the effect of suspending the right of the owner of the indebtedness to enforce its payment during the period of such extension. But in order to be effectual such agreement must be supported by a sufficient consideration. A mere agreement for delay for no definite time and without consideration is not enforcible. 7 Cyc. 731; 27 Cyc. 1525; Friedenberg v. Robinson, 14 Fla. 130; Davis et al v. Stout, 126 Ind. 12, 25 N. E. Rep. 862; Marshall Field Co. v. Oren Ruffcorn, 117 Ia. 157, 90 N. W. Rep. 618; Howe v. Klein, 89 Me. 376, 36 Atl. Rep. 620; Olmstead v. Latimer et al, 158 N. Y. 313, 53 N. E. Rep. 5.

No consideration for the alleged extension was either averred or proved and the contention that the agreement

to this effect was binding upon complainants necessarily fails.

Two other assignments of error are argued, but they do not present matters requiring discussion. No error is made to appear by either of them.

The decree appealed from is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J. concur.