FORT PIERCE BANK & TRUST CO. v. ABBIE E. SEWALL.

152 So. 617.
Opinion Filed January 25, 1934.

812

*Alto Adams,* for Appellant;

*S. S. Willes,* for Appellee.

SIMMONS, Circuit Judge.—The plaintiff in the court below (appellee here) filed her bill of complaint on the 27th day of August, 1931, alleging in substance, that during the year 1927 and for some time prior thereto and thereafter complainant left certain of her monies with the defendant corporation to be invested by said defendant corporation in safe and dependable securities, relying on the trust and confidence which she reposed in the officers of said Fort Pierce Bank & Trust Company for the investment of said funds, and that said Fort Pierce Bank & Trust Company on the 3rd day of August, A. D. 1927, invested a part of complainant's funds in a note and mortgage then held by the Fort Pierce Bank & Trust Company, executed on the 11th day of February, A. D. 1925, by J. W. Dunn and Elsie J. Dunn, his wife, to the said Fort Pierce Bank & Trust Company, the same evidenced by a promissory note dated the 11th day of February, A. D. 1925, in the amount of $4,000.00, executed by said J. W. Dunn and Elsie J. Dunn, his wife, bearing interest at the rate of 8 per cent per annum until paid, interest payable semi-annually.

There followed allegations that the defendant Bank & Trust Company neglected to endorse the promissory note;

that the makers defaulted in payment; that plaintiff fore-closed the mortgage, the sale resulted in a deficiency of $2,526.87; and that the makers are insolvent. There is a prayer that the defendant bank and trust company be required to endorse the said note, and upon the endorsement being made, it pay to plaintiff the balance due.

On October 9th, 1931, the defendant (appellant here) filed its answer, containing a number of categorical denials, with two additional and rather elaborate paragraphs—one that the plaintiff's claim is barred by laches; and the other that the plaintiff extended the time of payment to the makers for one year, and collected interest for that period, without the consent of the appellant, but not alleging that the interest was paid in advance or that any other consideration was paid for the extension.

The court granted a motion to strike these two elaborate paragraphs of the answer setting up the extension and pleading laches, and an amendment to the answer was filed, which amendment was addressed solely to re-stating defendant's allegations that the note was extended for a year by the plaintiff, and that interest for the additional year was paid by the makers, without the consent of the defendant.

This amendment to the answer was subsequently stricken by the court below, and from these two orders striking parts of the answer and the amendment to the answer the defendant appeals.

There are only two questions presented by this appeal, namely: (1) Is one who is secondarily liable on a promissory note discharged when the holder grants to the maker an extension of time for payment without the consent of one secondarily liable? And (2), under the facts and circumstances of this case, is the plaintiff's claim barred by laches?

One who is secondarily liable on a negotiable instrument is discharged when the holder grants to the one primarily liable a valid and binding extension without his consent. The extension agreement must be based upon a valuable consideration, such as the payment of interest in advance, or an agreement to pay interest on interest, and in such case the one secondarily liable is discharged by the extension. When the extension is merely a matter of grace or forbearance, for which the holder receives nothing that he would not have been entitled to by mere inaction, the one who is secondarily liable is not discharged. 8 Corpus Juris 434-437; Mitchell v. Harper, 80 Fla. 338, 86 So. 246; Olmstead v. Latimer, *et al.,* 158 N. Y. 313, 53 N. E. 8; Williams v. Peninsular Grocery Co., 73 Fla. 937, 75 So. 517.

The answer of the defendant alleged that the extension was granted to the makers, and that the interest was paid. It failed to allege that the interest was paid in advance, and for this reason, among others, it was attacked by motion and was stricken. The amendment to the answer addressed itself to the extension and payment of interest, but was also silent as to the payment of interest in advance. The court was entitled to presume, under these circumstances, that the interest was not paid in advance.

In applying the doctrine of laches, each case must be considered in the light of its own circumstances and surroundings. Norton v. Jones, 83 Fla. 81, 90 So. 854.

There is no prescribed length of time the mere lapse of which will bar a claim in equity on the ground that the plaintiff has been guilty of laches. To constitute a defense, the delay must have been such as practically to preclude the Court from arriving at a safe conclusion as to the truth of the matters in controversy, and thus make the doing of equity either doubtful or impossible, as though loss or ob-

s'curation of evidence of the transaction in issue; or there must have occurred in the meantime a change in conditions that would render it inequitable to enforce the right asserted. McNoble v. Tampa Land Co., 78 Fla. 179, 83 So. 90; 81 Corpus Juris 221, *et seq.*

In the case at bar the ultimate liability of the appellant, and the amount thereof, was never ascertainable until after the sale under foreclosure by the appellee against the makers of the note and mortgage here under consideration. If the mortgaged property had been sold for enough to satisfy the final decree, the appellant would have thereby been discharged from liability. The sale lacked $2,526.87 of bringing enough money to satisfy the final decree, which amount with interest is the amount here claimed by appellee. This suit was instituted August 27, 1931, just 52 days after the sale. There certainly was no laches at this point.

The record shows that if there had been no extension or forbearance, suit to foreclose the mortgage here in question might have been begun February 12th, 1928, about three and one-half years before it was actually brought. But nothing appears to show that the appellant was prejudiced by this delay to the extent that it might equitably charge appellee with laches.

The judgment of the court below is affirmed, and the cause is remanded for further proceedings not inconsistent herewith.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J., was absent on account of illness when this case was submitted.