119 So.2d 404 (1960)
C.C. CARD, Appellant,
v.
COMMERCIAL BANK AT DAYTONA BEACH, Appellee.
No. B-227.
District Court of Appeal of Florida. First District.
April 5, 1960.
J. Robert Durden, and Ossinsky & Krol, Daytona Beach, for appellant.
*405 Curtis Basch, Daytona Beach, for appellee.
LEWIS, E. CLAY, Jr., Associate Judge.
This is an appeal by the Defendant, C.C. Card, from the granting of Plaintiff's, Commercial Bank at Daytona Beach, motion for Summary Judgment, on a complaint to enforce payment of a promissory note.
Hereafter, the Appellant, C.C. Card, will be referred to as the Defendant, and the Appellee, Commercial Bank at Daytona Beach, as the Plaintiff, as they appeared in the lower Court.
On October 29, 1958, Plaintiff filed its complaint against Defendant to enforce the payment of a promissory note, alleging generally: that the note was dated February 10, 1958, payable to the Plaintiff by Volusia Sales, Inc., a corporation, in the sum of $3,000.00, due 90 days after date, with interest after date until paid; that $1500.00 was paid in principal and that as of July 10, 1958 the principal sum of $1500.00 was due and payable; that at the time said note was given the Defendant, C.C. Card, endorsed the same and became liable thereon; that a true and correct copy of said note was attached thereto.
The maker of the aforesaid note, Volusia Sales, Inc., was not a party to this suit.
There were three (3) promissory notes involved in this suit; one note, the original, dated February 10, 1958 in the sum of $3,000.00, due 90 days after date, and the note sued upon, will hereinafter be referred to as note "A", a second, or renewal, note dated May 10, 1958, in the sum of $2250.00, due 60 days after date, will hereinafter be referred to as note "B" and a third, or second renewal, note dated July 10, 1958, in the sum of $1500.00, due 60 days after date, will hereinafter be referred to as note "C".
Notes "A", "B" and "C" referred to above were identical except for dates, due dates, amounts and signatures and read as follows:
"Daytona Beach, Florida, ____ 1958. $ ____ days after date the undersigned jointly and severally promise to pay to the order of Commercial Bank at Daytona Beach, Daytona Beach, Florida (note `A' did not contain the underscored words `Daytona Beach, Florida'.) ____ dollars at Commercial Bank at Daytona Beach, Daytona Beach, Florida, for value received, with interest at the rate of ____ per cent, per annum after ____ until paid. Together with a reasonable attorneys fee, if given after maturity to an attorney for collection, presentment, protest, notice of dishonor and notice of protest are waived by each and every endorser.
 ____________ (Seal)
 ____________ (Seal)"
Notes "B" and "C" contained the word "Renewal" in the upper left corner.
It will be noted that said notes failed to contain any provision whereby an endorser or surety agreed that any of said notes may in whole or in part be extended or renewed after maturity without notice to such endorser or surety and without release of their liability thereon.
The defendant in due course filed his answer and defenses, in which the Defendant admits that Volusia Sales, Inc., executed note "A" and that he endorsed same; denies that $1500.00 was paid on note "A", but alleges that subsequent to the execution of note "A" and on May 10, 1958 a renewal note, being note "B" was executed by Volusia Sales, Inc., to the Plaintiff for the sum of $2250.00 and reflected that the sum of $750.00 as principal and $22.50 interest was paid; that he did not endorse said note "B"; further alleges that on July 10, 1958, the due date of note "B", a second renewal note, being note "C", was executed by Volusia Sales, Inc., to the Plaintiff in the sum of $1500.00 and that said renewal note "C" reflected the payment of $750.00 on principal and $7.50 interest *406 and that he did not endorse renewal note "C", that the Defendant did not consent, orally or in writing, to the renewals of note "A" and further alleges that the acceptance of notes "B" and "C" by the Plaintiff, without the written, or oral, consent of the Defendant, together with the payment of certain amounts on the principal and payment of the interest in advance operated as a release to the Defendant, as an endorser on the original note "A", and he was discharged from any secondary liability thereunder. The Defendant further alleged that material changes or alterations were made in the original note "A" by acceptance of the subsequent notes "B" and "C"; that the changes or alterations of the original note "A" by the two renewal notes "B" and "C" were material and were accomplished without the consent, authority or assent in any manner whatsoever of the Defendant, thereby voiding said notes as against the Defendant and thereby discharging him from any liability thereunder.
The foregoing answer on motion of the Plaintiff was stricken by the Court, with leave to file amended defenses.
On request for admission filed by the Defendant the Plaintiff admitted that notes "B" and "C" were renewal notes of note "A" and that the amount of principal and interest alleged to have been paid, as set forth in the Defendant's answer, was correct.
The Defendant thereafter filed his amended answer and defenses, alleging generally the same defenses as set forth in his original answer.
The amended answer and defenses on motion of the Plaintiff were again stricken by the Court.
Thereafter, Plaintiff filed its motion for Summary Judgment, alleging that the accompanying affidavit proves Plaintiff's case and that Defendant had presented no real issues to be tried.
Plaintiff's motion for Summary Judgment was based upon an affidavit of the Executive Vice President of the Plaintiff stating, among other things: That Plaintiff is the owner and holder of note "A", made by Volusia Sales, Inc., and that Defendant was the endorser; that as of July 10, 1958 there remained due and payable on said note "A" $1500.00 and that nothing had been paid since said date; that the records of Plaintiff reflected that up to and including August 4, 1958 the Defendant was shown on the records of Plaintiff to be President and Treasurer of Volusia Sales, Inc., and that it was not until August 4, 1958 that he was no longer a party at interest in Volusia Sales, Inc., a copy of notification being attached hereto; that said letter dated August 4, 1958 states that the Defendant resigned as an officer of Volusia Sales, Inc., on March 1, 1958, but that as shown by note "B", attached to Defendant's defenses, the Defendant was still acting as President of Volusia Sales, Inc., when the latter instrument was executed and that all extensions of the note sued upon were made with the full knowledge of the Defendant, who remained active in the affairs of the corporation until on or about August 4, 1958.
The letter of the Defendant to the Plaintiff dated August 4, 1958, referred to in the aforesaid affidavit of the Plaintiff and attached thereto, stated, among other things, the following:
"Supplementing my telephone conversation with you this is to advise you that I tendered my resignation May 1, 1958 as an officer, director and stock-holder of Volusia Sales, Inc., the resignation was accepted on May 5 at a duly authorized meeting and so noted in the Minutes of the meeting of said corporation. In line with the above, please delete my name from any connection whatsoever with Volusia Sales, Inc."
An affidavit in opposition to Plaintiff's motion for Summary Judgment was made *407 and filed by the Defendant, in which the Defendant stated: That the Defendant executed note "A" as President of Volusia Sales, Inc., and that he also personally endorsed said note; that subsequent to the execution of note "A" renewal note "B" was executed by Defendant as President of Volusia Sales, Inc., and at which time $750.00 was paid on the principal of note "A" and advanced interest of $22.50 was paid on note "B"; that altho Defendant had knowledge of renewal note "B" he only signed same as President of Volusia Sales, Inc., and did not personally consent in his individual capacity and did not endorse said note "B"; that thereafter another renewal note, being note "C", was executed on behalf of Volusia Sales, Inc., and at the time of the execution of note "C" Volusia Sales, Inc., paid $750.00 on the principal of renewal note "B" and at same time paid the Plaintiff advanced interest in the sum of $7.50; that the Defendant did not consent to nor did he have knowledge of the execution of the renewal note "C", either as President of Volusia Sales, Inc., or as an individual and that he was no longer a party in interest in Volusia Sales, Inc., to which fact he had previously notified Plaintiff.
On the basis of the pleadings and affidavits filed, the trial Judge entered Summary Judgment on behalf of the Plaintiff. We think this was error.
The Defendant has posed the following question for decision:
"Where a promissory note has been renewed and the time of payment under the terms of the note has been extended without the knowledge or consent of an accommodation endorser on the original note, and interest collected in advance for the term of the extension, the accommodation endorser is discharged from liability."
We think the question must be answered in the affirmative and that such accommodation endorser would be discharged.
Section 675.28 F.S. 1957, F.S.A., provides how negotiable instruments are discharged and in Sub-section 2 thereof provides, among other things, that a person secondarily liable on the instrument is discharged: (e) by a release of the principal debtor, unless the holder's right of recourse against the party secondarily liable is expressly reserved, and (f) by any agreement binding upon the holder to extend the time of payment, or to postpone the holder's right to enforce the instrument, unless made with the assent of the party secondarily liable, or unless the right of recourse against such party is expressly waived.
The Circuit Court of Appeal, Fifth Circuit, in the case of First Bank of Marianna, Florida v. Pinckney, In re Beall's Estate, 139 F.2d 575, 577, said:
"The Florida cases make a clear distinction between the effect of an extension of time for payment granted the maker without the consent of the endorser, and the effect of the taking of a new note without such consent. In the former instance there must be an `adequate' consideration, while in the latter the taking of a new note is itself sufficient to discharge the endorser from liability. This rule is predicated upon the principle that in case of a mere agreement to extend the time of payment, without consideration, there is no binding agreement, but the effect of the acceptance of renewal notes is to postpone the original date and extend the time of payment until the maturity of the note."
The Supreme Court of Florida, speaking of this principle, in Fort Pierce Bank & Trust Co. v. Sewall, 113 Fla. 811, 152 So. 617, 618 said:
"One who is secondarily liable on a negotiable instrument is discharged when the holder grants to the one primarily liable a valid and binding extension without his consent. The extension agreement must be based *408 upon a valuable consideration, such as the payment of interest in advance, or an agreement to pay interest on interest, and in such case the one secondarily liable is discharged by the extension. When the extension is merely a matter of grace or forbearance, for which the holder receives nothing that he would not have been entitled to by mere inaction, the one who is secondarily liable is not discharged."
We think the defenses set forth in the Defendant's original, as well as in his amended answer and defenses, if proven, would be good defenses to the complaint and should not have been stricken and should be reinstated upon remand of this cause.
Now, with reference to the granting of the Summary Judgment, based upon the pleadings and affidavit, it is a fundamental principle, under Rule 1.36 F.R.Civ.P., 30 F.S.A., that factual issues may not be tried or resolved in a Summary Judgment proceeding. Johnson v. Studstill, Fla. 1954, 71 So.2d 251. Such judgment shall not be granted, unless the facts are so clear that nothing remains to be decided but questions of law. Yost v. Miami Transit Co., Fla. 1953, 66 So.2d 214.
The function of the trial Court in passing upon a motion for a Summary Judgment is to determine whether there is a genuine issue of any material fact and not to determine any issue of fact. Did the Plaintiff establish the absence of a genuine issue as to all material facts by the allegations of its complaint and affidavit? We think not, because it appears to us that the material allegations of the Plaintiff's affidavit were controverted by the affidavit of the Defendant. The Plaintiff's affidavit, among other things, alleges that all extensions of the note sued upon (note "A") were made with the full knowledge of the Defendant. This was an allegation of a material fact. Defendant in his affidavit controverted this material fact by alleging that he neither consented to renewal of note "B" nor did he have knowledge of the execution of renewal note "C". These conflicting allegations raised a genuine issue as to a material fact and the motion for Summary Judgment should have been denied.
This cause is reversed for further proceedings consistent with the views expressed herein.
WIGGINTON, C.J., and STURGIS, J., concur.