148 So.2d 299 (1963)
L & S ENTERPRISES, INC., a Florida corporation; Fred Schneider, Jean C. Lehman and Richard S. Flink, Appellants,
v.
MIAMI TILE & TERRAZZO, INC., a Florida corporation, et al., Appellees.
No. 62-369.
District Court of Appeal of Florida. Third District.
January 8, 1963.
Rehearing Denied January 24, 1963.
*300 Anderson & Nadeau, Miami, for appellants.
Feibelman, Friedman, Hyman & Durant, Miami, for appellees.
Before PEARSON, TILLMAN, C.J., and BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
The appellants [certain of the defendants in the trial court], appeal from a final judgment rendered by the trial court adjudicating joint and several liability in regard to a promissory note.
The cause came on for final hearing upon stipulation of the parties that the trial judge could consider the case on the pleadings and depositions. Therefore, this court is in the same position in examining the record as was the trial judge, and the presumptions as to the determination of the evidentiary matters are not as strong on this record as on one which presents conflicting testimony which was actually heard by the trier of the facts. See: West Shore Restaurant Corp. v. Turk, Fla. 1958, 101 So.2d 123.
On July 1, 1958, L & S Enterprises, Inc., being indebted to Tri-City Tile Company, Inc., executed a promissory note in the principal sum of $6,600.00, bearing interest *301 at the rate of 6% per annum and providing for the recovery of attorneys' fees, costs, etc. Subsequent to the execution and delivery of the note, the individual appellants, Schneider, Lehman and Flink, endorsed the note, as did the individual appellee, Whitton. After the maturity of the note and while in default, Tri-City Tile Company, Inc., [on August 3, 1959] entered into an agreement with H.J.-M & D Corporation [successor in interest to the principal assets of L & S Enterprises, Inc., a motel] and other creditors of L & S Enterprises, Inc. This agreement was, in fact, an arrangement for the payment of the creditors of L & S Enterprises, Inc., wherein and whereby the enumerated creditors of L & S Enterprises, Inc., waived their rights to any claim for liens as a result of the work done in improving the motel and waived their rights to be paid for a period of 12 months following the execution of the agreement, after which 12 month period they agreed to be paid a portion of the profits derived by the said H.J.-M & D Corporation in the operation of the motel, which had previously been transferred to the latter corporation by L & S Enterprises, Inc. The individuals who had endorsed the promissory note subsequent to its delivery did not execute the agreement between the several creditors of L & S Enterprises, Inc., but same was solely executed by H.J.-M & D Corporation and the various creditors of L & S Enterprises, Inc., including Tri-City Tile Company, Inc.
Subsequent to the execution of the agreement by the creditors and the successor in interest to the principal asset of L & S Enterprises, Inc., the promissory note in question came into the possession of Miami Tile & Terrazzo, Inc., the appellee who instituted the action as plaintiff in the trial court. Of course, at the time Miami Tile & Terrazzo, Inc., took possession of the promissory note, it was in default and no payments had been received or credited thereon by virtue of the agreement between the creditors and H.J.-M & D Corporation. Miami Tile & Terrazzo, Inc., sought recovery of the $6,600.00 principal of the note, plus accrued interest, attorneys' fees and costs. Judgment for the full amount sought by the plaintiff was rendered by the trial court and is here under review. The appellants have assigned several errors in the rendition of the final judgment. The only one that we deem to have merit is that which contends that the court erred in failing to apply the provision of § 675.28(2) (f) Fla. Stat.,[1] F.S.A., as it appears as a matter of law that the agreement between the creditors of the maker of the note and H.J.-M & D Corporation extended the time of payment and thereby operated to discharge the individual endorsers.
It is apparent, from a review of the agreement, that on the date of its execution the promissory note was due and in default and, by the terms of the agreement which was in the nature of a creditor's composition, the holders of certain notes of L & S Enterprises, Inc. [including Tri-City Tile Company, Inc.] waived their rights to any mechanic's liens which they might have had on the motel, and agreed that they would receive payment only out of profits and then only at the end of each successive 12-month period.
It has been held in this State, in conformity with § 675.28(2) (f), supra, that an extension payment or forbearance of collection by a creditor without endorser's consent, and based upon a valuable consideration, discharges the endorsers on a note. See: Fort Pierce Bank & Trust Co. v. Sewell, 113 Fla. 811, 152 So. 617; Card v. Commercial Bank at Daytona Beach, Fla. App. 1960, 119 So.2d 404.
*302 The individual endorsers herein did not "assent" to the agreement between the creditors and H.J.-M & D Corporation, which not only extended the time within which payment would be made to the creditors but also released liens which the creditors may have had as security for the obligations. Therefore, no "assent" having been given pursuant to the provisions of the aforesaid statute, the individual appellants [as endorsers of the notes] should not have been adjudicated liable on the instrument. Although no consideration flowed from the maker of the obligation to the creditors, it is apparent that it flowed from a third person, to wit: H.J.-M & D Corporation, in that this corporation agreed to divert a substantial portion of its profits in the operation of the motel in payment of these obligations; plus the fact that the composition agreement between the creditors is supported by the mutual promises of all the creditors who executed the agreement, and it is a sufficient consideration to support the extension agreement. See: Falk v. Salario, 108 Fla. 135, 146 So. 193; 7 Am.Jur., Bills and Notes, § 243; 10 C.J.S. Bills and Notes § 148b.
Miami Tile & Terrazzo, Inc. [being the successor in interest to Tri-City Tile Company, Inc.], having taken the note after maturity and while in default, is not a holder in due course and any defense which would have been available to the individual defendants against Tri-City Tile Company, Inc., would be available to its assignee, Miami Tile & Terrazzo, Inc. See: Clay County v. Toney, 153 Fla. 172, 14 So.2d 193; Davis v. West, Fla.App. 1959, 114 So.2d 703; § 674.54, Fla. Stat., F.S.A.
Therefore, the final judgment here under review is affirmed as to the appellant, L & S Enterprises, Inc., but is reversed as to the appellants, Fred Schneider, Jean C. Lehman and Richard S. Flink, with directions to eliminate any adjudication against them in the final judgment.
Affirmed in part; reversed in part with directions.
NOTES
[1] "A person secondarily liable on the instrument is discharged:

"By any agreement binding upon the holder to extend the time of payment, or to postpone the holder's right to enforce the instrument, unless made with the assent of the party secondarily liable, or unless the right of recourse against such party is expressly reserved."