349 So.2d 810 (1977)
The BAY NATIONAL BANK AND TRUST COMPANY, Appellant,
v.
James R. MASON and Mary S. Johnson, Administratrix of the Estate of H.L. Johnson, Deceased, Appellees.
No. DD-343.
District Court of Appeal of Florida, First District.
September 12, 1977.
C. Richard Watson of Isler, Higby, Brown & Smoak, Panama City, for appellant.
*811 J. Ernest Collins of Collins & Thompson, Panama City, for appellees.
ERVIN, Judge.
Bay National Bank appeals final judgment entered in favor of Mary S. Johnson, Administratrix of the Estate of H.L. Johnson, deceased, which discharged the estate from liability on two notes which the late H.L. Johnson had signed as an accommodation party. The notes were executed by James R. Mason as maker, against whom final judgment was entered in this proceeding and from which he has not appealed. Both notes were for six months duration. Both notes were renewed twice for two succeeding six month periods following agreement between the Bank and Mason. The notes, when originally executed, contained the following language:
"And all endorsers and sureties agree that this note may in whole or in part be extended or renewed after maturity from time to time without notice to them and without release of their liability hereon."
The court concluded that in the absence of evidence of consent by Johnson for renewal of the original notes, Johnson was discharged from his obligation on each of the notes. We reverse.
Section 673.118(6), Florida Statutes (1975), provides as follows:
"Unless otherwise specified consent to extension authorizes a single extension for not longer than the original period. A consent to extension, expressed in the instrument, is binding on secondary parties and accommodation makers. A holder may not exercise his option to extend an instrument over the objection of a maker or acceptor or other party who in accordance with s. 673.604 tenders full payment when the instrument is due." (Emphasis supplied.)
The administratrix relies upon Section 673.606, Florida Statutes (1975) as supporting the judgment of discharge. Section 673.606(1) provides:
"(1) The holder discharges any party to the instrument to the extent that without such party's consent the holder:
(a) Without express reservation of rights releases or agrees not to sue any person against whom the party has to the knowledge of the holder a right of recourse or agrees to suspend the right to enforce against such person the instrument or collateral or otherwise discharges such person, except that failure or delay in effecting any required presentment, protest or notice of dishonor with respect to any such person does not discharge any party as to whom presentment, protest or notice of dishonor is effective or unnecessary; ... ."
Appellee cites Fort Pierce Bank and Trust Company v. Sewall, 113 Fla. 811, 152 So. 617 (1934) and Card v. Commercial Bank at Daytona Beach, 119 So.2d 404 (Fla. 1st DCA 1960) for the principle that one who is secondarily liable on a negotiable instrument is discharged when the holder grants to the one primarily liable a valid and binding extension without the consent of the party secondarily liable. Appellee however overlooks the language contained in the two notes at the time Johnson endorsed them permitting the notes to be extended "from time to time without notice... ." Johnson must be held to have consented in advance to additional extensions of the notes without further notice. The parties thus otherwise specified to more than one extension. The additional extensions were therefore authorized by Section 673.118(6).
Recently in Taines v. Capital City First National Bank, 344 So.2d 273 (Fla. 1st DCA 1977), we held that certain accommodation parties were not discharged because at the time they executed their endorsements they consented to any extensions or renewals of this note. More recently in Vanguard Construction Company, Inc. v. Lewis State Bank, 348 So.2d 72 (Fla. 1st DCA 1977), we held that three accommodation parties who endorsed a corporate note and consented to "any extensions or renewals without further notice" were not discharged because they did not later individually execute an extension agreement between Vanguard and the bank. Although our opinion in Vanguard turned upon issues other than *812 whether the endorsers had consented in advance to further extensions and renewals, we noted, "the absence of their physical endorsements of the extension agreement is not conclusive on the issue of their consent, which may be established by other evidence." (At page 74.)
The sole issue for our consideration here, and unlike the situation which confronted the Third District Court of Appeal in Miami National Bank v. Fink, 174 So.2d 38 (Fla. 3rd DCA 1965), cert. den., 180 So.2d 658 (Fla. 1965), in which the accommodation parties raised defenses such as material alterations in the notes caused by the extensions, is only whether an accommodation party is discharged by the notes' extensions for two successive periods, but whose terms were not otherwise altered. On the limited issue before us we hold that the estate was not discharged. The judgment is reversed.
MILLS, Acting C.J., and SMITH, J., concur.