ELISHA HEADLEE, Adm'r, etc., of GEORGE VAN LEAR, Respondent, *v.* HENDERSON N. JONES, Appellant.

1. *Promissory Note — Surety — Release — Extension.*—In order to discharge a surety upon a promissory note, the creditor must do some act by which he deprives himself of the right of proceeding at law in the collection of the obligation; and an agreement to grant extension, to avail the surety, must not only be founded upon a sufficient consideration, but it must operate as an estoppel on the creditor sufficient to prevent him from bringing an action before the expiration of the extended time.

This was an action begun by respondent, as administrator of the estate of George W. Van Lear, deceased, against the appellant, in the Green Circuit Court, on three negotiable notes executed by appellant and one Jason Jones to John A. Miller & Co., indorsed to Van Lear after maturity.

Defendant answered, admitting the execution of the notes, the indorsement by Miller & Co. to Van Lear, but alleging that the notes were signed by him as security only, and not as principal; that this fact was well known to John A. Miller & Co. at the time of the execution of the notes; and that, subsequently thereto, John A. Miller & Co. took from Jason Jones a deed of trust to secure the payment of the notes, and accepted the same in lieu of the security taken at the execution of the notes, and, without the consent of defendant, extended the time of the payment of said notes for one year from the date of the deed of trust; that Jason Jones, the maker of the note, is dead, and the administration of his estate closed.

Plaintiff filed a replication to defendant's answer, denying that defendant signed said notes as security only, but charging that defendant signed the same as principal; admitting the deed of trust, but denying that the same was taken or accepted in lieu of any other security; and alleging that, at the time of the execution

of the deed of trust, John T. Dowdall & Co. had a judgment against Jason Jones *et al.*, which was a lien prior to said deed; that subsequently said land embraced in said deed of trust was sold under execution issued on said judgment, and only brought a sum sufficient to pay said judgment, and that said deed of trust was no security whatever.

Defendant filed an answer to plaintiff's replication, admitting the Dowdall judgment against Jason Jones, but denying that said judgment was a lien on the land mentioned in the deed of trust. The Third District Court affirmed the judgment of the court below, and the case is brought here by appeal.

*A. C. Wallace*, and *T. A. Sherwood*, for appellant.

I. The notes were all made payable one day after date, and the last one was dated May 11, 1861, while the deed of trust to John A. Miller & Co. was executed six days subsequently. Van Lear, then, must have been the assignee of the notes after they matured, and took them with full notice. (Chappell v. Allen *et al.*, 38 Mo. 213; Sm. Merc. L. 292; 2 Caines' Cas. 303; Lansing v. Gaine, 2 Johns. 300.)

II. The fact of suretyship need not be stated in the note, but may be proven *dehors* by parol. (Garrett v. Ferguson's Adm'r, 9 Mo. 124; 23 Mo. 140.)

III. Giving time to the principal, for a valuable consideration, undoubtedly discharges the security. (Sm. Merc. L. 353; Schmarr v. Schnitter *et al.*, 38 Mo. 478.)

IV. The acceptance of a higher security will extinguish a simple contract debt. (Vaughan v. Lynn, 9 Mo. 761; Sm. Merc. L. 347.)

*Jas. F. Hardin*, for respondent.

I. The taking of the deed of trust by Miller & Co. from one of the makers did not of its own force discharge the other makers, and there was no release pleaded.

II. If defendant was security only, he could only complain of laches after serving written notice on the holder requiring him to

sue, and his failure to do so. (Gen. Stat. 1865, §§ 1, 2, p. 406; 6 Mo. 46; 15 Mo. 628; 18 Mo. 140; 7 Mo. 292; 17 Mo. 399; 19 Mo. 39; 24 Mo. 184, 242, 333; 31 Mo. 253, 325; 35 Mo. 427; 17 Mo. 475; 27 Mo. 386; 33 Mo. 365; 13 Ill. 376; 8 Blackf. 190.)

WAGNER, Judge, delivered the opinion of the court.

Assuming that the appellant was a surety on the notes sued upon, the material question to be decided is whether he was released in consequence of the giving by the principal of a deed of trust on certain real estate to secure their payment. The deed of trust provides that if the grantor shall pay the sums of money specified in the notes within twelve months, then the deed shall be void, etc. There is no express contract by which the time for payment is extended, nor is there any stipulation prohibiting an action being brought on the notes at any time after their maturity. In order to discharge a security the creditor must do some act by which he deprives himself of the right of proceeding at law in the collection of the obligation. The agreement must not only be founded upon a sufficient consideration, but it must operate as an estoppel on the creditor sufficient to prevent him from bringing an action before the expiration of the extended time. (Rucker v. Robinson, 38 Mo. 154.) If the creditor does not divest himself of the power to sue, it is within the competency of the security at any time to compel him to do so upon giving notice, or he may pay off the debt and enforce his right against the principal.

In the case of Schmarr v. Schnitter *et al.* (38 Mo. 478), judgment was about being obtained on the note; and the agreement extending the time contained an express covenant, supported by a valid consideration, that no sale should be forced upon the judgment until after the expiration of eighteen months. The holder of the debt in that case tied up his hands and precluded himself from acting. But here the case is entirely different. Although the principal authorized the trustee to sell the real estate if the notes were not paid within twelve months, yet there was no obstruction to the creditor pursuing his action at any time. I see nothing, therefore, that can be construed into a discharge of the surety.

16—VOL. XLIII.

As this view decides the whole case, there is no necessity for noticing some other questions which were raised in the argument. Judgment affirmed. The other judges concur.