# Thurman *et al. v.* Stoddard & Co.

### Bill in Equity for Foreclosure of Mortgage.

1. *When mortgagee is bona fide purchaser for value.*—When a mortgage is given simply as security for a pre-existing debt, the time of payment not being extended, nor any new consideration intervening, the mortgagee is not entitled to protection, as a *bona fide* purchaser for valuable consideration, against an equitable title or claim of which he had no notice ; *secus*, when the day of payment is extended in consideration of the mortgage.

2. *Vendor's lien; against whom asserted.*—A vendor's lien on land, for the unpaid purchase-money, can not be asserted against a *bona fide* purchaser for valuable consideration without notice.

APPEAL from the Chancery Court of Lee.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 6th July, 1874, by

[Thurman v. Stoddard & Co.]

E. B. Stoddard, a merchant doing business in Charleston, South Carolina, under the name of E. B. Stoddard & Co., against John W. Mills and W. D. Thurman; and sought to foreclose a mortgage executed by said Mills to the complainant. The mortgage was dated the 8th March, 1873; was given to secure the payment of a promissory note for $782.13, of even date with the mortgage, and payable by the first day of November next after its date, which recited as its consideration an indebtedness for goods sold and delivered; conveyed a tract of land in Lee county, containing one hundred and four acres, and a lot or lots in the village of Waucoochee in said county, on which were situated a dwelling-house, office, blacksmith shop, &c.; was signed by said Mills and his wife, and attested by said W. D. Thurman, as one of the subscribing witnesses. The bill alleged that Thurman was in possession of the town property, and that he had bought it from Mills with full knowledge of the mortgage. This property had been sold and conveyed by Thurman to Mills, prior to the execution of the latter's mortgage to the complainant; but, a part of the purchase-money being unpaid, and Mills finding himself unable to pay it, the contract between them was rescinded, some time after the execution of the mortgage, and Thurman entered into the possession of the property. Thurman set up these facts in his answer, and claimed a vendor's lien for the unpaid purchase-money due him; and he asserted that, when he attested the mortgage to the complainant, he did not know that this property was included in it. A claim of homestead exemption, in the other land conveyed by the mortgage, was set up by Mills and his wife; and a cross-bill was filed to assert it. The chancellor held, that the defendants were severally estopped from setting up these defenses; and he therefore rendered a decree for the complainant, ordering a sale of the mortgaged lands. From this decree Thurman only appeals, and he assigns it as error, so far as it subjects the lands claimed by him to sale under the mortgage.

SAMFORD & CHILTON, for appellant.

BRICKELL, C. J.—Errors are assigned only by the appellant William D. Thurman; and of consequence, it is only necessary to consider the correctness of the decree so far as it may affect him. The question does not seem to us, as is argued by his counsel, whether he has estopped himself from asserting the equitable lien, which, as a vendor, he may have on parts of the mortgaged premises, by his attestation of the mortgage, without disclosing it; but rather, whether the

(22)

mortgagee is not a *bona fide* purchaser without notice, having the legal estate, against which the equitable lien can not prevail.    The mortgage was given as security for a pre-existing debt; and if the time of payment of the debt had not been extended, nor any other new consideration had intervened, the mortgagee would stand simply in the place of the mortgagor, having no other right or equity.    But, in consideration of the mortgage, forbearing the payment of his debt, extending the day of payment, he changes his condition and relation, and is entitled to protection as a *bona fide* purchaser. There is no pretense that he had any notice of the equity of Thurman as a vendor, and it can not be asserted against him.—1 Jones on Mortgages, § 459.

The decree is affirmed.