# Sweeney *v.* Bixler.

*Bill in Equity to foreclose Mortgage.*

1. *Mortgage; when mortgagee is a purchaser.*—It has long been settled, that a mortgagee is a purchaser, when, contemporaneously with the exe-

[Sweeney v. Bixler.]

·cution of the mortgage, or with an agreement, afterwards performed, to execute the mortgage, he parted with any thing of value, surrendered an ·existing right, incurred a fixed liability, or submitted to loss or detriment.

2.  *Same.*—When the mortgage is made to secure a pre-existing debt, if there be such a valid, binding contemporaneous agreement to extend the debt to a future definite time, as will disable the mortgagee to sue before that time, this is a new present consideration, of benefit to the mortgagor, and also of detriment to the mortgagee, which will constitute the latter a purchaser.

3.  *Same; when a mortgagee is not a purchaser.*—If a mortgage is exe-·cuted to secure a pre-existing debt, and no new contemporaneous consideration passes, either of benefit to the mortgagor, or of detriment to the mortgagee, then the mortgagee does not thereby become a purchaser.

4.  *Same.*—A note payable one day after date, given for an ascertained balance on a settlement of pre-existing demands, and contemporaneously with the execution of a mortgage securing the same, must be construed merely as evidencing a present indebtedness.  It can not be supposed that the parties thereby intended either a benefit to the promisor, or any detriment to the promissee.  The mortgagee is not, therefore, a purchaser as against an older latent right of a third party to the property conveyed by the mortgage.

5.  *Same; law day thereof does not affect maturity of note.*—A mere agreement contained in a mortgage, that it shall not be foreclosed until a ·certain day subsequent to the maturity of the debt secured thereby, does not suspend the right to collect the debt, there being no agreement for an ·extension thereof.

APPEAL from the Chancery Court of Mobile.
Heard before Hon. JNO. A. FOSTER.

The bill in this cause was filed by the appellee against the ·appellant and one W. B. Smith, to foreclose a mortgage exe-·cuted by Smith to appellee, conveying a horse therein described, to secure a debt evidenced by a note of even date with the mortgage, and payable one day after date.  It is averred in the bill, that the appellant claimed the horse as his property, and had brought suit against Smith for the recovery thereof; and he was, therefore, made a party defendant to the bill.  By an amendment to the bill, the consideration of the debt evidenced by the note and secured by the mortgage was set forth.  The averments in reference thereto are stated in the opinion.  The appellant answered the bill setting up his claim to the horse and alleging that Smith and one Hammond had obtained it from him by collusion and fraudulent representations, and that his right thereto was superior to any equity that the appellee had under the mortgage.  The material facts disclosed by the evidence are stated in the opinion.  Upon final hearing, had upon the pleadings and proof, the Chancery Court declared the appellee a *bona fide* purchaser for a present valuable consideration, and decreed a foreclosure of the mortgage.  From that decree this ·appeal was taken, and it is here assigned as error.

BOYLES, FAITH & CLOUD, for appellant.—Conceding that the

[Sweeney v. Bixler.]

mortgage was taken in good faith and without notice, Bixler was not a purchaser for value.—*Stevens v. Brennan*, 79 N. Y. 254; *Weaver v. Barden*, 49 N. Y. 286; *Demott v. Starkey*, 3 Barb. Ch. R. 403; *Padgett v. Lawrence*, 10 Paige, 170; *Buller v. Harrison*, Cowper, 565; 36 Texas, 511; *U. S. v. Hodge*, 6 How. 279; *Rucker v. Robinson*, 38 Mo. 154; *McCune v. Belt*, 38 Mo. 281; *Headlee v. Van Lear*, 43 Mo. 235; *Haden v. Brown*, 18 Ala. 641.

C. J. TORREY, *contra*.—Bixler was a *bona fide* purchaser for value.—55 Miss. 348; 63 Ala. 336; *Ib.* 571. Being a *bona fide* purchaser for value, he can hold the property covered by the mortgage against the first vendor.—*Allen, Bethune & Co. v. Maury & Co.*, 66 Ala. 10; *Leigh Bros. v. M. & O. R. R. Co.*, 58 Ala. 165; 21 Ind. 411; 13 Ill. 610.

STONE, J.—The trotting horse, the subject of the present suit, was originally the property of Sweeney, placed in the hands of Smith to be trained. Hammond, as the agent of Smith, and with his money, purchased the horse from Sweeney, and took a bill of sale in his own name, not disclosing the fact that he was purchasing for Smith. The horse was never in Hammond's possession, but remained with Smith, who asserted and exercised ownership over him. While matters stood in this condition, and no adversary claim was asserted to the horse, Smith executed a mortgage, conveying the horse to Bixler, as security for a debt. The present bill was filed to foreclose that mortgage. After the execution of the mortgage—some fifteen or twenty days after—Sweeney discovered that Hammond had purchased, not for himself, but for Smith, and he instituted an action of detinue for the recovery of the horse, alleging that he had been defrauded by Smith in procuring the sale to be made. He recovered in that action, and has the horse in possession.—*Smith v. Sweeney*, ante p. 524.

Bixler's claim, as set up in his amended bill, is as follows: He had intrusted Smith with the sale of stock, and Smith had thus become indebted to him for the proceeds of such stock sold. They had an accounting, and Smith executed his note to him, due one day after date, for the ascertained balance. On the same day Smith executed the mortgage to Bixler to secure the payment of said note, and therein conveyed the horse in controversy. In the mortgage is a clause, binding Bixler not to enforce it, if the note was paid by a named day, some four months afterwards. It is not shown that Bixler, when he took the note and mortgage, had any notice of Sweeney's claim to the horse. There is no question that Bixler's claim is *bona fide*. Is he a purchaser in contemplation of law?

It has long been settled, both in this court and elsewhere, that the inquiry, whether a mortgagee is a purchaser, depends on the question, whether he parted· with any thing valuable, surrendered an existing right, incurred a fixed liability, or submitted to a loss or detriment, contemporaneously with the execution of the mortgage, or with the agreement, afterwards performed, to execute the mortgage. If either of these several categories be shown to exist, then the law presumes such act of the mortgagee was done or suffered in consideration of the mortgage executed, or to be executed. In any such case the mortgagee is a purchaser. He is a *bona fide* purchaser, if, at the time he so took the mortgage, he was without notice, actual or constructive, of an older, latent equity in another. What is sufficient notice to put him on inquiry, we do not propose to consider in this case. On the other hand, if the mortgage be taken to secure a pre-existing debt, and no new contemporaneous consideration passes, either of benefit to the mortgagor, or detriment to the mortgagee, then the mortgagee does not thereby become a purchaser.—*Boyd v. Beck,* 29 Ala. 703; *Wells v. Morrow,* 38 Ala. 125; *United States v. Hodge,* 6 How. U. S. 279; *Stevens v. Brennan,* 79 N. Y. 254; *Spurlock v. Sullivan,* 36 Texas, 511; *Thurman v. Stoddard,* 63 Ala. 336; *Whelan v. McCreary,* 64 Ala. 319; *Loeb v. Flash,* 65 Ala. 526.

In this State we have extended the doctrine of purchase, in favor of the mortgagee, farther than it has been announced in some other jurisdictions. With us, where the mortgage is even made to secure a pre-existing debt, if there be a valid, binding contemporaneous agreement to extend the debt to a future definite time, this the law holds to be a new, present consideration, of benefit to the mortgagor, and also of detriment to the mortgagee, which will constitute the latter a purchaser. But, to come within this rule, the agreed extension must be such as to disable the creditor (mortgagee) to sue, before the agreed, deferred day of payment arrives. So, with us, if property be conveyed in absolute payment and extinguishment of a pre-existing debt, this constitutes the grantee a purchaser. Whether a purchaser in that sense which cuts off prior equities, of course depends on the attendant circumstances, such as want of notice, etc.—*Thurman v. Stoddard,* 63 Ala. 336; *Thames v. Rembert, Ib.* 561; *Padgett v. Lawrence,* 10 Paige 170; *DeMott v. Starkey,* 3 Barb. Ch. 403. See also *Buller v. Harrison,* Cowp. 565; *McCune v. Belt,* 38 Mo. 281; *Headlee v. Van Lear,* 43 Mo. 235.

We do not consider there was any extension of the debt in this case, in the sense which will constitute Bixler a purchaser, as against Sweeney's latent right to the property. True the note was made payable one day after date. That is the usual,

[Robinson v. Murphy.]

form observed in closing accounts, and in taking notes, evidencing a present indebtedness. We can not suppose the parties intended by this, either a benefit to Smith, the promissor, or any detriment to Bixler, the promissee. The extension of time within which the mortgage might be foreclosed, was no suspension of the right to collect the debt.

The decree of the chancellor is reversed, and a decree here rendered, dismissing complainant's bill. Let the costs of the original suit, and of the appeal both in the court below and in this court, be paid by the appellee.