ATLEE DOUREDOURE et al.

*v.*

ALFRED HUMBERT and ROY HUMBERT, trading as Alfred
Humbert & Son et al.

[Submitted July 15th, 1915.   Decided October 6th, 1915.]

1. An unrecorded declaration of trust of lands is void as against a
subsequent mortgage given by the trustee to a *bona fide* mortgagee for a
valuable consideration, not having notice thereof, whose mortgage was
first recorded.

2. Where a bond and mortgage are given in settlement of a debt,
and by the novation the creditor waives his right of action in tort
against the debtor and extends the time of payment of the debt, he is
entitled to the status of a *bona fide* mortgagee for a valuable considera-
tion, and the lien of his recorded mortgage is entitled to priority over an
unrecorded declaration of trust, of which he had no notice.

*Messrs. Bourgeois & Coulomb,* for the complainants.

*Messrs. Godfrey, Giddings & Read,* for the defendants.

BACKES, V. C.

In 1902 the Douredoures and the defendant Lingg purchased
a tract of land in Atlantic City for $4,000, subject to a mortgage
of $6,000.   The Douredoures paid two-thirds and Lingg one-
third of the consideration price.   Title was taken in the name
of Lingg.   The riparian right was acquired from the state in
the name of Lingg, the consideration for which was paid by the
parties in the same proportion.   At the time the land was
bought, Lingg executed to the Douredoures a declaration that
he held the title to the extent of two-thirds in trust for them.
It was not recorded until shortly before this bill was filed.   In
1909 the Douredoures loaned Lingg $2,000, and he stipulated,
in writing, endorsed upon the declaration of trust, that the re-
payment should be secured by his interest in the real estate

described therein. The mortgage of $6,000 on the property, when it was purchased, had been reduced to $3,000, and this, in 1912, Lingg paid off and caused to be canceled. At the same time he negotiated another mortgage of $5,000 upon the land and pocketed the difference. In 1913 he executed to the defendants Humbert & Son a mortgage to secure his bond for the sum of $2,373.29, payable in two years, with interest at five and four-tenths per cent., payable semi-annually. The mortgage was duly recorded. Lingg defaulted in the payment of interest and the Humberts started foreclosure proceedings in this court. After the final decree was entered and execution issued and delivered to the sheriff of Atlantic county, with instructions to advertise the premises for sale, the complainants recorded their declaration of trust, and filed this bill (March 2d, 1915), alleging that the Humbert mortgage was taken with notice of their interest in the land and was given to secure a pre-existing debt, and that, therefore, it was subordinate to their equities, and they pray that it be restricted to the one-third interest of Lingg in the premises, and upon this interest that it be declared subject to the complainant's equitable lien arising out of the loan of $2,000, and also subject to their equitable lien on this interest, for such loss as they may have sustained by reason of the $5,000 mortgage placed upon the entire tract by Lingg. The bill further prays an injunction against the sheriff, and an accounting against Lingg, and that he be compelled to execute a bond and mortgage upon his estate in the premises, to the complainants, for the amount found to be due to them.

The mischief in this case was made possible by the neglect of the complainants to record their deed of trust. The twenty-first section of our Conveyance act (*Comp. Stat. p. 1541*) provides for the recording of such documents for the purpose of giving notice to the world of their existence; and section 54 declares that—

"Every deed or instrument of the nature or description set forth in the twenty-first section of this act shall, until duly recorded or lodged for record in the said clerk's office, be void and of no effect against subsequent judgment creditors without notice, and against all subsequent *bona fide* purchasers and mortgagees for valuable consideration, not having notice thereof, whose deed or mortgage shall have been first duly recorded."

That the Humberts are *bona fide* mortgagees, and that they took their mortgage without notice of the complainants' equities, and that it was first duly recorded, is not disputed. The debatable question is, was the mortgage given for a "valuable consideration," within the meaning of the statute, for, if not, then, although it was taken without notice and has priority of record, it cannot displace the complainants' superior equitable title and liens which they had previously acquired for value then moving. Such equities are superior to a mortgage given to secure simply a prior debt, without any extension of time or surrender of any right, for the reason that the mortgagee parted with nothing on the strength of it. A subsequent legal title to land, in order to prevail over a prior equitable title, must not only have been acquired without notice of the prior equity, but must be founded upon a consideration of value moving presently from the grantee. *Martin* v. *Bowen, 51 N. J. Eq. 452.*

The facts attending the taking of the mortgage are these: The Humberts were dealers in diamonds in Philadelphia. They had consigned to Lingg on memoranda certain stones, which he was to sell and for which he was to account. Having a sale for a diamond which was in Lingg's possession, they sought him for the purpose of getting it, and were informed that he had sold all of the goods which had been confided to him. Restitution, or payment of the value, of the property consigned, was demanded, and Lingg, who was then seriously ill, abed, agreed, through his son, who represented him, to give the bond and mortgage in settlement. The bond and mortgage were taken in payment and satisfaction of their claim, as it then stood, and the account was closed on their books, the Humberts aver, and the circumstances support their assertions. Humbert, Sr., was familiar with the land to be mortgaged and its value. About twelve years ago Lingg had shown it to him; represented himself to be the owner and that he had had an offer for it of $18,-000, but that he valued it at $25,000. Before accepting the mortgage, Humbert, Sr., submitted it to the West Jersey Title Company for examination as to title and encumbrances. The search disclosed the fee in Lingg for eleven years and upwards,

and the exercise of ownership and control of the title during that time, by a sale and conveyance in 1909 to the city of Atlantic City of a piece of the land for the purpose of widening Albany street, for the consideration of $8,450 (of which the complainants received their share) ; the cancellation of the $6,000 mortgage already referred to, and the execution in 1912 of the $5,000 mortgage to one Alice K. Lineau. Humbert even went further and had the title of his mortgage insured by the title company. (This does not appear in the record, but was stated at the hearing by his counsel and admitted *sub silentio*.) The care and precaution exercised to secure an unimpeachable lien, strongly fortifies and makes much for the insistence that the bond and mortgage were taken in satisfaction of the then right of action. But, the taking of a bond secured by mortgage, in settlement of an existing debt, without more, does not create the holder a purchaser for value, for the reason that in the merger the form of the debt only, and not the substance, is changed—it is the same debt—and under the settled rule a mortgage taken for a precedent debt does not constitute the mortgagee a purchaser for value. *Reeves* v. *Evans, 34 Atl. Rep. 477; Martin* v. *Bowen, supra.* If, however, by the novation, a mortgagee-creditor parts with anything of value, or changes his position for the worse, it entitles him to the status of a *bona fide* purchaser for value. *Allaire* v. *Hartshorne, 21 N. J. Law 665; Mingus* v. *Condit, 23 N. J. Eq. 313.* It seems to me it cannot be questioned that the Humberts did both. They waived the tort and the right to proceed against the body of Lingg, for his malfeasance, and accepted his contract; they extended the time for the payment of the debt for two years; their forbearance was upon the payment of interest at a less than legal rate; and they barred themselves from proceeding personally against their debtor until after exhausting their remedy upon the mortgage. *Comp. Stat. p. 3421; Price* v. *Gray, 34 Atl. Rep. 678.* The giving of further time for the payment of an existing debt, by a valid agreement, for any period however short, though it be for a day only, is a valuable consideration, and is sufficient to support a mortgage, or a conveyance, as

a purchase for a valuable consideration. *Jones Mort. (6th ed.)* § *461.*

The bill will be dismissed as against the defendants Humbert, with costs. As against Lingg, the complainants are entitled to the relief they seek.