The complainant, Van Cleve, and his lawyer, Pedrick, engaged in a joint venture to buy and sell real estate. Van Cleve furnished the money and Pedrick managed the business. They bought and sold and made profits. Title to properties was taken in their joint names as tenants in common, Pedrick having persuaded Van Cleve that he could handle the properties to better advantage if he appeared to be one of the owners. At Pedrick's death there was but one worthwhile property undisposed of. Pedrick had mortgaged his apparent moiety to the defendant Meyers for $12,000. The bill charges that *Page 422 
Pedrick surreptitiously introduced his name into the deed. The charge was withdrawn at the hearing. It was further charged that Meyers took with notice that the property belonged to Van Cleve. The prayer is to strike Pedrick's name from the deed and to declare the mortgage void.
The bill also charges that Van Cleve and Pedrick subsequently executed a $4,000 mortgage to Meyers on this property; that it was put on record after Pedrick died and that it was without consideration and was never delivered. This charge also was withdrawn; it was untrue.
Another cause of action is: The two held title to another property which they sold and upon which $2,900 of the purchase price remained due. Van Cleve lent the purchaser an additional $19,500 upon mortgage to make improvements. Pedrick took the mortgage on the property for $22,400 in the name of both without Van Cleve's knowledge. Pedrick assigned $6,000 of his reputed half interest to Meyers as collateral security for a loan of that much money and later made another assignment to him to secure an additional loan of $3,216.25. The bill charges that Meyers took with notice that Van Cleve was the owner of the mortgage. The prayer is to strike Pedrick's name from the mortgage and to declare Meyers' assignments void. Meyers later recovered a judgment against Pedrick's executrix and sold out her supposed interest in the mortgage. He was the purchaser from the sheriff. The prayer is to declare the sale void.
Pedrick handled the transaction as part of the joint venture. He kept the bond and mortgage for two or three years, collected $1,750 of the principal, and when he eventually delivered the documents to Van Cleve, after numerous demands and excuses, and upon the latter discovering the duplicity and protesting, Pedrick gave him a memorandum acknowledging $19,500 were due him on the joint account of Van Cleve and Pedrick.
If the suit were against Pedrick, there would be no question as to the complainant's right to recover the real estate by way of resulting trust and the mortgage because of fraud. Had Meyers taken with notice, the case would be established *Page 423 
against him. He claims to be a bona fide purchaser for value, but he has not pleaded that defense. It must be pleaded. "It is not only necessary that a defendant setting up a defense of abona fide purchaser should clearly and unequivocally state in the answer that the purchase was for value, without notice, but he must also set forth all the particulars of the purchase, and must distinctly prove them." Graves v. Coutant, 31 N.J. Eq. 763; Dean v. Anderson, 34 N.J. Eq. 496; Dan. Ch. Pr. 681. The case was tried on that theory and leave to amend is given. The defense is met by the claim that the real estate mortgage and the two assignments of the half interest in the $22,400 mortgage were given to secure antecedent debts, and that is true; but it also appears that upon taking the real estate mortgage and the first assignment, the time for the payment of the debts respectively was definitely extended. The surrender of a pre-existing debt is not sufficient to give the purchaser of a non-negotiable chose in action, the standing of a bona fide purchaser for value.DeWitt v. VanSickle, 29 N.J. Eq. 209. The rule is different in the purchase of a commercial paper. Allaire v. Hartshorne,12 N.J. Law 665. But an extension of time for the payment of an antecedent debt is a valuable consideration and sufficient to create the status of a bona fide purchaser for value.Douredoure v. Humbert, 85 N.J. Eq. 89; 27 R.C.L. 699.
Extension of time is a valuable consideration. United and GlobeRubber Manufacturing Co. v. Conard, 80 N.J. Law 286. Meyers had no notice that Van Cleve and not Pedrick was the owner of the property. He says, he knew nothing of the relations between the two. Relying on the record title in Pedrick he is presumed to be a bona fide purchaser. Roll v. Rea, 50 N.J. Law 264.
Meyers' practice was to lend Pedrick money from time to time, taking his notes. When the sums reached the amounts for which he took the mortgage on the real estate and the first of the two assignments of the mortgage as collateral security, he surrendered his old notes and extended the time for the payment of the debts — in the case of the mortgage, by taking Pedrick's bond, secured by the mortgage, payable *Page 424 
in one year, and in the instance of the $6,000 assignment of the $22,400 mortgage, by taking a new note for one year. As to these two items Meyers is entitled to the protection of a bona fide
purchaser for value under the rule stated. He does not, however, occupy that position with regard to the second assignment of the mortgage to secure $3,216.25. That sum was also the accumulation of notes for loans which he surrendered, taking a new note for six months eight days before the assignment and consequently this collateral was not given in consideration of an extension of time — at least it does not so appear.
The mortgage of $12,000 may also be sustained as against the complainant on the ground of estoppel. Pedrick held himself out as the half owner of the property and Meyers lent him the money in advance of the mortgage on his representation of ownership. The fraud was made possible by the complainant holding out Pedrick as a tenant in common and enabling him to mislead Meyers.Putnam v. Clark, 29 N.J. Eq. 412.
The complainant's argument that Meyers was put on notice because the property was held in common by Van Cleve and Pedrick and that inquiry of Van Cleve would have disclosed the true situation is without force. There is no privity of estate between tenants in common. 7 R.C.L. 818. Inquiry of a co-tenant is not a duty imposed upon a purchaser of a common interest to protect him as a purchaser in good faith. A co-tenant's possession under a record title is referable to that title and the purchaser may rely on the record. 27 R.C.L. 723; H.C. Tack Co. v. Ayers,56 N.J. Eq. 56; 13 L.R.A. (N.S.) 124.
There is another cause pleaded. Van Cleve owned a property on which there was a $5,000 mortgage. He borrowed $7,000 on a mortgage to pay off the $5,000 mortgage. Pedrick handled the transaction, got the $7,000 and appropriated it. Meyers afterwards bought the $5,000 mortgage, foreclosed it and is now the owner of the property. The prayer of the bill is that the $5,000 mortgage be surrendered for cancellation. By an amendment it is prayed that the sheriff's deed *Page 425 
under the foreclosure be declared to vest in Meyers only a lien for the amount due on the mortgage. There is no proof that Meyers knew of the $7,000 mortgage or of Pedrick's misappropriation of the proceeds. Meyers bought the $5,000 at Pedrick's request. He has the impeccable title of his assignor. Roll v. Rea, supra.
Van Cleve was a party to the foreclosure suit, but he was in a hospital, bereft of reason over his losses through Pedrick's peculations and knew nothing of the suit of sale. He does not offer to redeem and the reason is obvious — the liens of the two mortgages exceed the value of the property and the holder of the $7,000 mortgage is the real loser.
The prayer of the bill will be denied except as to the assignment to secure $3,216.25 and that will be granted. No costs.