A concise narrative of the facts which I deem to have been sustained by the credible evidence will display the course of events from which the controversial issues of the present cause have arisen.
On March 17th, 1930, the defendant Ida Krumacker conveyed to the complainants, Otto Neise and his wife, Barbara Neise, five lots situate in Bucks County, in the Commonwealth of Pennsylvania, and accepted as a part of the consideration a bond and purchase-money mortgage conditioned for the payment one year thereafter, of the sum of $1,750 with interest. That Ida Krumacker was the owner of the mortgage is not controverted. It is evident that Joseph Krumacker, the husband of Ida, had contracted an indebtedness to one Carl Markau in the amount of $865.78 which he was unable promptly to discharge, and on May 23d 1931, he induced his wife to assign the mortgage, together with another mortgage with which we are not presently concerned, to the defendants Carl Markau and his wife, Emma, as collateral security for the eventual payment of the obligation. Although the assignment of the mortgage is unconditional in terms, there is abundant evidence of the purpose of the transfer and of the promise of the assignees to reassign the mortgage to Mrs. Krumacker upon the satisfaction of the debt for the payment of which it was pledged.
Mr. Krumacker and Mr. Markau seem to have been intimate friends and were associated frequently in certain business undertakings. The character of their relationship accounts, I think, for some of the subsequent occurrences. Notwithstanding the execution and delivery of the assignment and its entry of record on June 5th, 1931, Joseph Krumacker, for a period of years and with the apparent acquiescence of Carl Markau, collected from the mortgagors and for his wife payments on account of the mortgage debt. *Page 77 
It now transpires that on June 25th, 1934, Carl and Emma Markau executed an instrument purporting to transfer the bond and mortgage to August Markau, a brother of Carl and a member of their household. Joseph Krumacker died on October 4th, 1934. August Markau died testate on April 3d 1935. Carl, the pledgee of the mortgage, is the sole executor and sole beneficiary of August's estate, of which incidentally there are no unpaid creditors.
I am persuaded that it was after the death of her husband that Ida Krumacker made inquiry of Carl Markau concerning the return of her mortgage. I am likewise convinced that he did not inform her of its assignment to his brother August. Moreover, it is indubitable that he represented to Mrs. Krumacker that the indebtedness of her husband for which the mortgage had been pledged by her had not been paid. In such circumstances, Mrs. Krumacker accompanied Mr. Markau to the home of the mortgagors where she instructed them to thereafter until further notice make payments on account of interest and principal of the mortgage to Mr. Markau. That Mr. Carl Markau received such payments from September 16th, 1935, to September 16th, 1939, inclusive, is exhibited by his written receipts.
A truth however long concealed has a practice of unexpectedly bursting the doors of its imprisonment. In 1940 Mrs. Krumacker, in the pursuit of house cleaning, came upon some papers of her deceased husband, among which she fortuitously discovered a paper which chronicled the various payments made by her husband in reduction and in ultimate satisfaction of his indebtedness of $865.78 to Carl Markau. The last entry thereon reads "Rec. Payment in full. June 25, 1934. Carl Markau." Inspired by this fortunate revelation, Mrs. Krumacker immediately requested the mortgagors to refrain from making any additional payments to Mr. Markau on account of the principal or interest of the mortgage, and to thereafter deliver the payments to her. The unpaid balance of the mortgage debt was received by Mrs. Krumacker, whereupon the mortgagors naturally desired a surrender of the bond and mortgage and the cancellation of the mortgage of record. *Page 78 
At that juncture, efforts were persistently exerted to induce Mr. Markau to deliver the instruments to Mrs. Krumacker properly endorsed for cancellation. Neither Mrs. Krumacker nor her attorney was then aware that the mortgage had previously been assigned to August Markau. Mr. Markau was interviewed on several occasions at which he sought time for further meditation of the subject, and on those occasions he was either disinclined or unable to declare any reason for his retention of the bond and mortgage. At last, he refused to relinquish possession of the instruments and asserted his right to retain them as the beneficiary of his brother's estate.
Four supplementary facts may well be mentioned. At the final hearing of this cause Mr. Markau acknowledged the genuineness of his signature on the receipt and now concedes that the debt was fully discharged on the date stated. Secondly, the assignment of Carl and his wife to the brother, August Markau, is dated June 25th, 1934, and yet it was not recorded until May 5th, 1943, or more than eight years after August's death. Thirdly, Carl confesses that as executor he did not list the bond and mortgage as assets of the estate of his brother in the inheritance tax report which he prepared and filed. Fourthly, Mrs. Krumacker never authorized the assignment to August Markau and did not learn of it until after the institution of this suit.
The mortgagors, who are the complainants, seek an adjudication that the bond and mortgage have been fully paid and that the defendants, Ida Krumacker, the mortgagee, Emma and Carl Markau, the assignees, and Carl Markau as executor of the estate of August Markau, deceased, or one or more of them be directed to surrender the mortgage to the complainants properly endorsed for cancellation. The defendant Ida Krumacker admits the payment of the mortgage debt by the complainants, and by way of counter-claim against the defendants Carl Markau, individually and as executor of the estate of August Markau, deceased, and Emma Markau, unites with the complainants in requesting a decree commanding the delivery of the mortgage for cancellation and enjoining the defendants to account for such sums as they, or one or more of them, may have improperly collected from the *Page 79 
mortgagors. The defendants Carl and Emma Markau aver that the bond and mortgage were assigned by them to August Markau on or about June 25th, 1934, for a good and valuable consideration at the suggestion of Joseph Krumacker, whom they believed to be the "real owner" of the bond and mortgage, and that they thereafter received no payments on account of the mortgage debt. Carl, as executor, avers that his brother was a bona fide purchaser of the bond and mortgage for a valuable consideration, and he denies that the mortgage debt was paid to his deceased brother or to him as the representative of his brother's estate.
Meeting the facts as I have resolved them, the solution of the issues under equitable principles does not seem to be problematical.
The rationale readily unfolds. Initially it may be said that the intimation that this court may lack jurisdiction since the mortgaged premises are not situate within this state is of no moment. The parties in interest are residents within our state. They are participating in the cause, and a decree, if granted, will operate in personam. Massie v. Watts, 6 Cranch 148;Bullock v. Bullock, 52 N.J. Eq. 561; 30 Atl. Rep. 676.
The bond and mortgage were assigned by Ida Krumacker to Carl and Emma Markau specifically for the accommodation of Mr. Krumacker. All the parties to that transaction were fully aware of the explicit purpose of the assignment. Where such instruments are assigned for a specific purpose, they must be applied exclusively to that purpose and any other unauthorized disposition of them is essentially a fraudulent misappropriation.Atwater v. Underhill, 22 N.J. Eq. 599, 604; Andrews v.Torrey, 14 N.J. Eq. 355, 358.
The effect of the satisfaction of the indebtedness for which the bond and mortgage were collateral was to absolutely release the principal debtor from all liability for the debt, and his discharge enured to the benefit of Mrs. Krumacker and operatedex proprio vigore to liberate her securities from the pledge.Atwater v. Underhill, supra. In contravention of their promise to properly restore the securities to Mrs. Krumacker in such an eventuality, Carl and Emma Markau *Page 80 
chose to assign them to the brother August Markau. They assert that they did so at the request of Mr. Krumacker whom they supposed to be the "real owner" of the bond and mortgage. Mr. Krumacker was not the owner of the instruments which themselves patently disclosed the ownership of Ida Krumacker. This significant information Mr. and Mrs. Markau ignored.
Assuredly, the bond and mortgage could not be lawfully sold or pledged upon a new consideration and for a different purpose in the absence of some authority from Mrs. Krumacker. The power of Mr. Krumacker to dispose of the separate property of his wife will not be implied from the marital relation. A wife may, of course, empower her husband to act as her agent in the management and disposal of her property, but, when he assumes to do so, the validity of his acts will be determined, and the extent of his power measured, as in the case of other agents, by the scope of the authority conferred upon him. Strong v. Strong, 134 N.J. Eq. 513; 36 Atl. Rep. 2d 410. It is not evident that Mr. Krumacker was expressly or impliedly authorized to sell or re-pledge the bond and mortgage for some different and additional purpose.
It is insisted, however, that August Markau was a bona fide
purchaser of the bond and mortgage for value and that the title to the securities has, by means of its passage through the ownership of August, undergone a process of pasteurization destroying all pre-existing organisms of fraud.
The premise that August was a bona fide purchaser is baseless. The particulars of the purchase are neither averred nor distinctly disclosed. Mitschele v. Pyramid Bond, c., Corp.,124 N.J. Eq. 190; 1 Atl. Rep. 2d 59; Naame v. Doughty,109 N.J. Eq. 535; 158 Atl. Rep. 501; Cleve v. Meyer, 108 N.J. Eq. 421; 155 Atl. Rep. 482; Dean v. Anderson, 34 N.J. Eq. 496;Graves v. Coutant, 31 N.J. Eq. 763; Dan. Ch. Pr. 681. It is recalled that he resided with Carl. The supposition that August paid a valuable consideration for the assignment to him rests entirely upon the conventional recital of the payment of $1 embodied in the instrument. *Page 81 
The point however is not attractive in the circumstances of the present cause.
It is familiar and indeed ancient learning that one who defrauds another of property cannot emancipate himself from the censure of his wrongdoing by transferring the property to an innocent third person. Equity watches its translocations, and when the property rebounds to the despoiler, equity obliges himin personam to make restitution by returning the property.Independent Coal Co. v. United States, 274 U.S. 640;71 L.Ed. 1270; 47 S.Ct. Rep. 714; Clark v. McNeal, 114 N.Y. 287;21 N.E. Rep. 405; 3 Pom. Eq. Jur. (5th ed.), § 754-b; 2 Scott onTrusts, §§ 317 et seq; 63 A.L.R. 1372.
Carl has now reacquired the bond and mortgage. He will be directed to surrender them. The complainants are entitled to a decree discharging the mortgage debt. Mrs. Krumacker may have a reference to a master, if necessary, to ascertain and report the sums collected by Carl and Emma Markau from the mortgagors.