68 So.2d 372 (1953)
GABEL
v.
DREWRYS LIMITED, U.S.A., Inc.
Supreme Court of Florida. Special Division B.
November 20, 1953.
Graham, Dixon & Flynn, Tampa, for appellant.
Coachman & Campbell, Tampa, for appellee.
DREW, Justice.
McCaffrey was a beer distributor and became indebted to Drewrys Limited, U.S.A., Inc., for beer in a sum exceeding $20,000. *373 Drewrys received several "rubber" checks from McCaffrey and stopped beer shipments to him. A conference was arranged and as a result McCaffrey gave Drewrys a demand note for $10,000 of the debts, secured by a mortgage dated June 30, 1950, on the property involved in this suit. The mortgage was in the usual form and contained a provision for the payment, by the mortgagor, of "costs, charges and expenses * * * including reasonable attorney's fees * * *." The record discloses that at the same time additional notes, secured by chattel mortgages, were given to make up the balance of the debt.
Concurrently, McCaffrey and Drewrys entered into an agreement which recited the debt due from McCaffrey to Drewrys, the fact that the former did not then have assets to pay it, and that Drewrys had "agreed to accept a note, or notes, payable to its order in the above amount together with certain securities consisting of lien on real and personal property, and to forbear for the time being any action to enforce the collection of said sum due and owing it * * * said forbearance, however, to be conditioned upon (McCaffrey) making the payments as provided in said notes * * *" (Emphasis supplied).
Prior to the time of giving the notes and mortgage, Drewrys had caused the public records to be examined to see that there were no liens against the properties encumbered by the mortgage and found none.
There is some evidence as to the oral statements on forbearance which took place at the time the mortgage was given. Drewrys' attorney testified:
"Q. Now, what period of time did you agree to forbear suit against him? A. Well, there was no specific dated fixed in there. It was depending on what activity Mr. McCaffrey made in taking care of his obligations and how soon he was able to get this money he was counting on that he said he was going to have. We were going to let him get started with his new operations and capital. I think within a reasonable time. We had nothing we could lose. We could have gone ahead into Court and filed an attachment and gotten the advantage through a prior lien through an attachment suit, and he begged almost with tears in his eyes, he begged us to not put him out of business, if we would give him a chance." (Emphasis supplied).
Drewrys' agent testified:
"Q. How much time did you extend to him in not filing suit if he would give you this security? A. There was no element of time involved in the filing of a suit. There was no conversation about filing of a suit.
* * * * *
"Q. You didn't extend any time to him then? A. There was no extension of time, as you put it, and there was no demand made at the same time." (Emphasis added).
The Drewry mortgage was then promptly recorded although Drewrys did not resume beer shipments to McCaffrey as he said Drewrys had agreed to. McCaffrey became more involved and a few months later appellant Gabel, who held a note from McCaffrey in the principal sum of $2,750, secured by a mortgage on the same real estate as covered by the Drewrys mortgage, said note and mortgage being dated March 14, 1950, but not filed for record, read in the paper that McCaffrey "was in trouble." Whereupon Gabel recorded his mortgage.
Later, Drewrys filed suit to foreclose its mortgage, making Gabel a party. The latter filed a cross-claim to foreclose his mortgage. The learned Circuit Judge, after personally hearing the evidence, entered a final decree holding the Drewrys mortgage to be superior to the Gabel lien and finding:
"2. The consideration for the note executed by the defendant, James McCaffrey and the mortgage executed by the defendants, James McCaffrey and Mary C. McCaffrey, his wife, to the plaintiff was the forbearance on the part of the plaintiff to prosecute any legal action against the said defendant, James McCaffrey, for the enforcement *374 of his obligation to the plaintiff at the time of the execution thereof, for an indebtedness in amount of Ten Thousand Dollars ($10,000.00) as represented by said note, as well as an additional indebtedness of approximately Eleven Thousand Dollars ($11,000.00), said note and mortgage being the basis of the plaintiff's complaint.
"3. The plaintiff had no notice of the mortgage held by the defendant, L.A. Gabel, and that the failure of said defendant, L.A. Gabel, to have his mortgage recorded at the time of the execution and recording of the mortgage held by the plaintiff, misled the plaintiff in accepting security for the indebtedness due it, or a portion thereof, in lieu of taking legal action at said time to secure the collection of said indebtedness from the defendant, James McCaffrey, to the plaintiff." (Emphasis added).
Gabel argues that since the agreement to forbear was for no definite time, it amounted to no enforceable right on the part of McCaffrey, hence it was of no benefit to him or detriment to Drewrys, and did not constitute sufficient consideration, and in support cites Strong v. Sheffield, 144 N.Y. 392, 39 N.E. 330. Also cited by appellant were Mitchell v. Harper, 80 Fla. 338, 86 So. 246; Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751, regarding consideration to support extension of time for payment. On the other hand, Drewrys says whether the agreement to forbear was for any definite time, or was enforceable by McCaffrey, is immaterial, because in fact there was a forbearance of benefit to the debtor and a detriment to Drewrys. It cites in support of its position, among others, 36 Am.Jur. 795, § 205; Jones on Mortgages (8th Ed.) Vol. 1, p. 769; Douglas v. Miller, 102 App.Div. 94, 92 N.Y.S. 514; Van Cleve v. Meyers, 108 N.J. Eq. 421, 155 A. 482; O'Brien v. Fleckenstein, 180 N.Y. 350, 73 N.E. 30. Drewrys also cites Sweeney v. Bixler, 69 Ala. 539, where the general rule is well summarized in the following language:
"It has long been settled, both in this court and elsewhere, that the inquiry, whether a mortgagee is a purchaser, depends on the question, whether he parted with anything valuable, surrendered an existing right, incurred a fixed liability, or submitted to a loss or detriment, contemporaneously with the execution of the mortgage, or with the agreement, afterwards performed, to execute the mortgage. If either of these several categories be shown to exist, then the law presumes such act of the mortgagee was done or suffered in consideration of the mortgage executed, or to be executed. In any such case the mortgagee is a purchaser. He is a bona fide purchaser, if, at the time he so took the mortgage, he was without notice, actual or constructive, of an older, latent equity in another. What is sufficient notice to put him on inquiry, we do not propose to consider in this case. On the other hand, if the mortgage be taken to secure a pre-existing debt, and no new contemporaneous consideration passes, either of benefit to the mortgagor, or detriment to the mortgagee, then the mortgagee does not thereby become a purchaser." (Emphasis supplied).
The authorities cited by Drewrys do not support its contention that it is immaterial whether a definite enforceable time extension is made, if there is forbearance in fact. 36 Am.Jur. 795, § 205, states only that "* * * if a mortgage is taken for a pre-existing debt, and the creditor at the time agrees to extend the time of payment, this additional consideration will entitle the mortgagee to protection as a purchaser for value." (Emphasis supplied). And Jones on Mortgages (8th Ed.), Vol. 1, page 769, states: "* * * A definite extension of time for the payment of an existing debt, by a valid agreement, for any period however short, though it be for a day only, is a valuable consideration, and is sufficient to support a mortgage, or a conveyance, as a purchase for a valuable consideration." (Emphasis supplied).
*375 In those cases cited, where the creditor mortgagee was allowed priority over a prior mortgage, it appears in each case that there was given a definite extension of time of the pre-existing debt contemporaneously with the taking of the mortgage. In Van Cleve v. Meyers, supra, priority was given two mortgages for each of which was granted a one year extension of time, but priority was denied another mortgage where the six months note extending time was taken eight days before the mortgage. In O'Brien v. Fleckenstein, supra, the creditor mortgagee was allowed priority where one month's extension of time was granted. In Douglas v. Miller, supra, priority was allowed where three months' extension of time and surrendering right of action against an indorser was given. And in Sweeney v. Bixler, supra, the court declined to give creditor mortgagee of personal property priority for taking note due one day after date, stating it did not consider that extension, being the usual form in closing accounts, to be sufficient to constitute the mortgagee a purchaser for value.
We are impressed by the closing sentence in the quotation (by appellee Drewrys) from Sweeney v. Bixler, supra, which we have emphasized. It seems to us that this case falls squarely within the situation there described. The instant after Drewrys accepted the demand note and mortgage, it was in a better position than before because, not only had it the right instantly to sue, but it also reduced a claim to a sum certain and secured a mortgage on the property of the debtor and an additional covenant to pay attorney fees and costs if it should bring action thereon. Instead of "a detriment to the mortgagee" there was a benefit to it. Instead of "a benefit to the mortgagor" there was a detriment to him. In reality, Drewrys' attorney summed it up when he testified it had "nothing to lose."
While we are impressed with the care and caution taken by Drewrys in examining the public records, the facts simply do not place Drewrys in the position of an innocent purchaser for value.
The cause is hereby reversed with directions to enter a final decree in accordance with this opinion.
Reversed.
ROBERTS, C.J., and THOMAS and MATHEWS, JJ., concur.