ALLEN, Chief Judge.
The appellee, as plaintiff in the lower court, filed its complaint for foreclosure of a note and second mortgage given by defendants Joseph H. Schinstock and Ruth Marie Schinstock, his wife, alleging the note and mortgage to be in default. The complaint also alleged that the lien created by this note and mortgage, dated August 20, 1957, and recorded on August 23, 1957, was superior to the lien of other claims and judgments including the appellant’s federal judgment lien dated August 20, 1957, but' which was not recorded in the official records of Broward County until August 28, 1957. Appellant was joined as one of several claim holders who had some interest in the property encumbered by the second mortgage.
The appellant, by its answer, denied that its lien was inferior to plaintiff’s mortgage and alleged that its judgment lien was superior to the lien of plaintiff’s mortgage on the grounds that plaintiff gave no consideration for its note and mortgage and that plaintiff took this note arid mortgage with notice of appellant’s claim against the Schinstocks.
After considering the admissions, depositions and pleadings on file, the lower court entered summary judgment in favor of plaintiff decreeing foreclosure of plaintiff’s second mortgage and sale of the encumbered property.
It appears from the record that the undisputed facts are that Joseph Schinstock and his wife borrowed $25,000 from plaintiff bank on August 14, 1956, and in return executed their unsecured note therefor. This note was renewed on three occasions, finally maturing on May 1, 1957, and thereafter became in default. On or about July 18, 1957, plaintiff filed a suit on the note, but on August 20, 1957, the Schinstocks executed to plaintiff another renewal note foi *870 $25,000 secured by a second mortgage on their property. This note provided:
“All sums due hereunder shall be due and payable on or before ninety (90) days from the date hereof.”
During this time, appellant obtained a Federal Court judgment against the Schin-stocks on August 20, 1957, but this judgment was not recorded until August 28, 1957. Thus it is noted that although the plaintiff’s mortgage and the appellant’s judgment were both dated August 20, 1957, the plaintiff’s mortgage was recorded on August 23, 1957, but the appellant’s judgment was not recorded until August 28, 1957.
Inasmuch as there is no evidence in the record that the plaintiff had actual or constructive knowledge of appellant’s judgment lien, the determinative issue before this court is whether plaintiff’s note and mortgage is supported by legal consideration. The Supreme Court of Florida discussed the principles applicable to this issue in Gabel v. Drewrys Limited, U. S. A., Inc., 1953, 68 So.2d 372, 39 A.L.R.2d 1083. Drewrys Limited, being an unsecured creditor with his debtor in default, caused the debtor to execute his demand notes secured by a mortgage which was promptly recorded. Gabel held a prior mortgage upon the same property which was not recorded at the time of the execution and recording of the Drewrys’ mortgage. Drewrys Limited, after default by the debtor on the demand notes, waited a period of time, then filed suit to foreclose, joining the prior but unrecorded lienor, Gabel. The Supreme Court, in quoting from the case of Sweeney v. Bixler, 69 Ala. 539, stated, 68 So.2d at page 374:
“ ‘It has long been settled, both in this court and elsewhere, that the inquiry, whether a mortgagee is a purchaser, depends on the question, whether he parted with anything valuable, surrendered an existing right, incurred a fixed liability, or submitted to a loss or detriment, contemporaneously with the execution of the mortgage, or with the agreement, afterwards performed, to execute the mortgage. If either of these several categories be shown to exist, then the law presumes such act of the mortgagee was done or suffered in consideration of the mortgage executed, or to be executed. In any such case the mortgagee is a purchaser. * * * ’ ”
In refuting appellee Drewrys’ contention that it is immaterial whether a definite enforceable.time extension is made, if there is forbearance in fact, the Court stated:
“36 Am.Jur. 795, § 205, states only that ‘ * * * if a mortgage is taken for a pre-existing debt, and the creditor of the time agrees to extend the time of payment, this additional consideration will entitle the mortgagee to protection as a purchaser for value.’ (Emphasis supplied.) And Jones on Mortgages (8th Ed.), Vol. 1, page 769, states: ‘ * * * A definite extension of time for the payment of an existing debt, by a valid agreement, for any period however short, though it be for a day only, is a valuable consideration, and is sufficient to support a mortgage, or a conveyance, as a purchase for a valuable consideration.’ (Emphasis supplied.)
“In those cases cited, where the creditor mortgagee was allowed priority over a prior mortgage, it appears in each case that there was given a definite extension of time of the pre-exist-ing debt contemporaneously with the taking of the mortgage. * * * ”
The decisive factor in the Drewry case was that the renewal note secured by the mortgage which was sought to be foreclosed was a demand note. But in the instant case, the renewal note secured by the mortgage provided:
“All sums due hereunder shall be due and payable on or before ninety (90) days from the date hereof.”
*871 Thus there was a definite period of forbearance stated at the time the mortgage and note were executed. Consequently, it is apparent that the consideration for the giving of the second mortgage was the extension of time for the payment of the preexisting debt of $25,000 which was a detriment to the plaintiff and a benefit to the defendant owners. Such a consideration was a valuable one and sufficient to support the mortgage herein sought to be foreclosed according to the law of the Gabel case, supra, and according to the law of other jurisdictions as annotated in 39 A.L. R.2d 1088 wherein is stated:
“The law on the point under annotation may be summarized briefly: if, as consideration for a mortgage executed to secure a pre-existing indebtedness, the mortgagee extends the time for payment of, or forbears bringing suit upon, the debt, then he has given value, and is entitled to priority, as a bona fide purchaser, over prior equities of which he had no notice. The extension or forbearance will be held sufficient in this respect regardless of the duration thereof, however brief, so long as it is for a definite period.”
It is contended by appellant that, because the record does not disclose that there was an express agreement to extend time for payment of the pre-existing debt made contemporaneously with the execution of the note and mortgage, the lower court’s judgment giving priority to plaintiff’s mortgage is without support. A similar contention was disposed of by the Fifth Circuit Court of Appeals in First Bank of Marianna, Fla. v. Pinckney, 139 F.2d 575, 577, by the following reasoning:
“ * * * The Florida cases make a clear distinction between the effect of an extension of time for payment granted the maker without the consent of the endorser, and the effect of the taking of a new note without such consent. In the former instance there must be an ‘adequate’ consideration, while in the latter the taking of a new note is itself sufficient to discharge the endorser from liability. This rule is predicated upon the principle that in case of a mere agreement to extend the time of payment, without consideration, there is no binding agreement, but the effect of the acceptance of renewal notes is to postpone the original date and extend the time of payment until the maturity of the note. Frank Herman & Co. v. Williams, 36 Fla. 136, 18 So. 351. This is further ruled in effect by the decision in Williams v. Peninsular Grocery Co., 73 Fla. 937, 956, 75 So. 517. * * *” See also Fort Pierce Bank & Trust Co. v. Sewall, 113 Fla. 811, 814, 152 So. 617; Section 675.28, Florida Statutes 1941, F.S.A.
Although plaintiff had filed a suit on the unsecured note, the subsequent acceptance of the renewal note with a fixed extension of time provided therein, was such as to prevent the plaintiff bank from proceeding further with this action it had previously instituted. The legal efficacy of accepting a note for a pre-existing debt is to postpone the original due date and extend the time of payment for the specified period set forth in the note. 4 Fla.Jur. Bills, Notes and Checks, sec. 73, citing Frank, Herman & Co. v. Williams, 1895, 36 Fla. 136, 18 So. 351.
In applying the foregoing principles to the instant case, we hold that the chancellor correctly ruled that plaintiff’s mortgage was supported by adequate consideration. As noted previously, plaintiff having neither actual nor constructive notice of appellant’s judgment lien; plus the fact that plaintiff’s second mortgage was recorded prior to the time appellant’s judgment lien was recorded; we conclude that the chancellor properly entered the summary final decree of foreclosure in favor of the plaintiff-appellee.
KANNER and SHANNON, JJ., concur.