PER CURIAM.
The appellant, Diesel Tanker J. A. Martin, Inc., hereinafter called Diesel Tanker, appeals from a “final judgment in foreclosure”.
Diesel Tanker contends that reversible error was committed in the trial court ruling that a mortgage held by Key Biscayne Bank was valid and prior to a mortgage which it held.
A careful examination of the briefs and the record on appeal reveals substantial competent evidence to support both findings on the issues raised by the pleadings in this cause. See Gabel v. Drewrys Limited, Fla.1953, 68 So.2d 372; Van Eepoel Real Estate Co. v. Sarosota Milk Co., 100 Fla. 438, 129 So. 892 (1930); Manufacturers & Traders Trust Co. v. First Nat. Bank, Fla.App.1959, 113 So.2d 869; and § 695.01(1), Fla.Stat, F.S.A.
Key Biscayne Bank has raised the following cross assignments of error:
“1. The Court erred in paragraph 10 of its Findings of Fact, contained in the Final Judgment in Foreclosure in finding that the payment of $15,003.10 made to Raymond Bush-ey was properly applied to the obligations of Diesel Tanker J. A. Martin, Inc. and Ira S. Bushey & Sons, Inc.
“2. The Court erred in failing to find that the payment of $15,003.10 on September 16, 1968, made by Edward Bent to Raymond Bushey should have been applied on the obligation evidenced by the note and secured by the mortgage from Edward Bent to Raymond Bushey, and that such funds were improperly diverted by Mr. Bushey to Diesel Tanker J. A. Martin, Inc. and Ira S. Bushey & Sons, Inc..”
There was competent substantial evidence in the record on appeal to establish that such a practice as to the allocation of these funds was usual and customary between these parties. Reversible error has not been clearly demonstrated on this point.
*729 Appellees, Edward Bent and Patricia Bent, cross-assign as error an order which struck their answer to the cross-claims of the appellant, Diesel Tanker, and Ira S. Bushey & Sons, Inc. The order struck their answer to both cross-claims because they had failed to answer certain interrogatories filed by Diesel Tanker and Ira S. Bushey & Sons, Inc. The record reveals that Diesel Tanker filed interrogatories against the Bents but that Ira S. Bushey & Sons, Inc., had never filed an interrogatories for the Bents to answer.
We find no abuse of judicial discretion in the action of the trial court striking the answer of the Bents as to the cross-claim of Diesel Tanker because they failed to comply with the order of the court compelling an answer to its interrogatories. We must reverse that portion of the order which struck the answer of the Bents as to the cross-claim of Ira S. Bush-ey & Sons, Inc., for the record does not reflect that Ira S. Bushey & Sons, Inc., ever served any interrogatories on the Bents and the court never compelled them to answer any interrogatories.
The final judgment is affirmed in all parts except as to the order striking the answer of the Bents to the cross-claim of Ira S. Bushey & Sons, Inc. and is reversed in that regard and remanded for further action consistent herewith.
It is so ordered.